Opinion by
Montgomery, J.,
On August 19, 1959 at about 2:00 P.M. the plaintiff (appellee), driving his automobile South on 50th Street in the City of Philadelphia, while in the intersection of 50th Street and Market Street, collided with the automobile of the defendant (appellant), being operated by him east on Market Street.
Subsequently, plaintiff entered suit against defendant for damages to his automobile, to which defendant filed a counterclaim agáinst plaintiff for damages to his automobile and for personal injuries. The suit was submitted to arbitrators who .found “No Amount for Defendant” and “No Amount for the plaintiff”. The defendant appealed but the. plaintiff did not. The parties waived a jury and the trial was conducted before Hon. M. J. O’Donnell, J., without a jury, who found for plaintiff, that is, denied a recovery to the defendant on his counterclaim.
*414 Since no evidence was offered by plaintiff at the trial before Judge O’Donnell, we may conclude that he had abandoned his claim against the defendant; and therefore, we need not decide the effect of an appeal by one party in a suit involving a claim and a counterclaim. From the opinion of Judge O’Donnell it appears that he considered the trial as one to resolve only the issue of defendant’s counterclaim. Although defendant must have thought plaintiff’s claim was still part of the case since his counsel moved for a nonsuit of it, the court refused the nonsuit which was consistent with its view that the original claim was not before it.
We shall consider the case as a suit by defendant against plaintiff for property damages and for personal injuries, which would place the burden on the defendant to prove plaintiff’s negligence and his damages resulting therefrom. Judge O’Donnell found the evidence insufficient to establish the negligence of the plaintiff and since the credibility of witnesses and the weight of the testimony was for him, we cannot say he was in error. However, defendant contends that the unappealed decision of the arbitrators in his favor on plaintiff’s claim conclusively established plaintiff’s negligence. Although the unappealed decision of the arbitrators has the same effect as a verdict and will support a judgment, we cannot agree that the decision in defendant’s favor can be interpreted as establishing plaintiff’s negligence. It might, with equal propriety, be subject to several interpretations, viz.: (a)Plaintiff did not establish negligence on the part of defendant; (b) plaintiff and defendant were both negligent; (c) plaintiff alone was negligent; (d) neither party was negligent; (e) plaintiff established no damages. We think the lower court was correct in refusing to make the selection of that interpretation sought by defendant and, also, in refusing to allow *415 defendant’s claim to be established on the basis of any res judicata principle based on the arbitration of plaintiff’s claim.
Defendant seems to be in an uncertain position. If his appeal brings up the entire case, as his motion for a nonsuit indicated, his argument about res judicata fails; and if he is appealing only his counterclaim, he might be confronted with the same principle, establishing that he was also guilty of negligence to bar his recovery on his counterclaim.
We have examined the cases cited by appellant but fail to find in them any support for his argument. Klugman v. Gimbel Brothers, 198 Pa. Superior Ct. 268, 182 A. 2d 223, is readily distinguishable for the reason that it involved three parties with the rights of the defendant and the additional defendant distinctly different.
Since defendant did not establish plaintiff’s negligence to support his claim, we need not consider any alleged error in the admission of evidence of damages.
Order affirmed.