## Roberts *v.* Martorano, Appellant.

Submitted October 4, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Martin Croissant,* for appellant.

*Harvey R. Robinson,* and *Luce & Robinson,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 28, 1967:

Appellant, defendant below, appeals under the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672 from the denial by the trial court of his preliminary objections which asserted that jurisdiction had not been obtained over the person of appellant. That act provides that the trial court's decision "may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments." As a general rule[1] the Superior Court has jurisdiction of an appeal if the amount in controversy is not greater than $10,000 and the subject "of the controversy be either money, chattels, real or personal, or the possession of or title to real property," while this Court has been granted jurisdiction where the amount in controversy is greater than $10,000. See Act of August 14, 1963, P. L. 819, §1, 17 P.S. §184 (Supp. 1966).

To determine the amount in controversy, reference must be made to the Act of August 14, 1963, P. L. 819, §2, 17 P.S. §191.1 (Supp. 1966). This statutory provision dictates that, where no recovery has been had, the amount in controversy shall be determined by the amount of damages claimed. However, in the present litigation, although appellee served upon appellant a summons in trespass for libel, no complaint has been

---

[1] Those cases in which our jurisdiction is not dependent upon the amount in controversy are catalogued primarily in the Act of August 14, 1963, P. L. 819, §2, 17 P.S. §191.4 (Supp. 1966).

filed of record.[2] Nor has appellant availed himself of Supreme Court Rule 61 which states: "In all cases on appeal in which the jurisdiction of this Court is dependent upon the amount in controversy, and the record of this [sic] court below does not disclose said amount, appellant shall obtain from the court below and file of record therein a certificate setting forth that the amount in controversy exceeds the sum of $10,000, exclusive of costs."

Appellant apparently contends that, since the Superior Court's jurisdiction is restricted to actions in which the controversy involves "money, chattels, real or personal, or possession of or title to real property" of a value not greater than $10,000, this Court has jurisdiction for this appeal involves none of these items, but rather a question of jurisdiction over the person of appellant. This rather novel argument is easily answered. Whatever may be the defect in the lower court's action, this controversy, i.e., a libel action for damages, involves "money" as that term is used in the statute. To accept appellant's contention would require a holding that, where the amount of the award or the title to property is not directly questioned, then appeal may always be taken to this Court.

Absent either a copy of the complaint in the record or a certificate indicating the amount in controversy, we are unable to determine whether this libel action involves an amount in controversy sufficient to give this

---

[2] Appellant could have compelled the production of a complaint by action pursuant to Pa. R. C. P. 1037(a). This rule provides: "If an action is not commenced by a complaint, the prothonotary, upon a praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros." Although we do not speculate as to why this procedure was not here employed, it could have obviated any necessity for an appeal if the complaint was not forthcoming.

Court jurisdiction. Appellant has therefore failed to demonstrate that this Court has jurisdiction over his appeal. Although no motion to dismiss has been filed by appellee, we may still dismiss this appeal for jurisdiction may not be conferred by the parties where none exists, *Commonwealth v. Yorktowne Paper Mills, Inc.,* 419 Pa. 363, 214 A. 2d 203 (1965), and this Court may raise a jurisdictional defect sua sponte. See *Barco, Inc. v. Steel Crest Homes, Inc.,* 420 Pa. 553, 218 A. 2d 221 (1966).

Since a demonstration that jurisdiction is properly with this Court is a prerequisite to any adjudication on the merits, and since such has not been demonstrated, this appeal must be dismissed. Cf. Supreme Court Rule 41.

Appeal dismissed.