## Daly et al., Appellants, *v.* Darby Township School District.

Argued January 8, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Donald J. Orlowsky*, with him *Stephen S. Smith*, and *ReDavid, Orlowsky & Natale*, and *Baile, Thompson & Shea*, for appellant.

*Joseph A. McNeal* and *Franklin E. White*, with them *Norman J. Chachkin*, *Jack Greenberg* and *James M. Nabrit, III*, for appellees.

*Francis K. Risko*, for school district, appellees.

OPINION BY MR. JUSTICE ROBERTS, April 23, 1969:

On September 12, 1968 the School Board of the School District of Darby Township adopted a resolution requiring the integration of its two elementary schools on a ratio of two black pupils to one white pupil, with integration to be accomplished according to a specified pairing system.* On September 19, 1968 appellant, a white taxpayer and parent of a child en-

---

* In February, 1968 the Human Relations Commission ordered the School Board to submit no later than July 1, 1968, a plan to eliminate the existing racial imbalance. An extension to April, 1969 was subsequently granted, but increasing tension and unrest in the community resulted in the passing of the resolution that led to the dispute now before us.

rolled in one of the affected schools, filed a petition for a preliminary injunction seeking to prevent the implementation of the board's resolution. Appellant claimed that the proposed ratio system constituted a racial classification which violated the Pennsylvania Public School Code and the constitutional rights of appellant's child. A hearing was set for September 24, 1968. On that date, a black taxpayer parent petitioned to intervene on behalf of her children and all others similarly situated, which petition was subsequently granted.

At the initial hearing, the chancellor expressed doubt as to whether the ratio plan was proper, and continued the matter for one week to allow the parties to reach an amicable settlement. On October 4, 1968, at an off-the-record meeting with the chancellor, counsel for the board and the intervenors offered a proposed settlement to which counsel for appellant did not object. As a result, the court below issued an order denying as moot appellant's petition for a preliminary injunction and ordering compliance with the new plan which had been formulated. Now appellant has taken this appeal, claiming that the chancellor should not have issued his order directing compliance after finding the issues raised in appellant's petition to be moot and that, regardless, the Human Relations Commission had exclusive jurisdiction of this controversy.

Appellant's first contention is barred by appellant's participation in the October 4 settlement. Appellant's appeal apparently came as a great surprise to the chancellor, who in his opinion stated that "it was finally agreed (or I thought it was agreed) that the most workable plan would be as follows [the plan and its justification follow]. . . . Our plan did not work. The plaintiff changed lawyers and the new lawyer insists on having the case heard by the Supreme Court." Appellant of course cannot agree to a judicial settle-

ment and then claim that because she has new counsel, she may take an appeal from that very agreement. Having made no objection to the chancellor's adjudication implementing the settlement, appellant is now bound by it, since having never objected below to the plan which was finally adopted, appellant cannot raise her objections for the first time on this appeal. See, e.g., *Bechler v. Oliva*, 400 Pa. 299, 161 A. 2d 156 (1960) ; *Brenner v. Sukenik*, 410 Pa. 324, 189 A. 2d 246 (1963).

Since the issue of lack of subject matter jurisdiction may be raised at any time by the parties or sua sponte by this Court, see, e.g., *Roberts v. Martorano*, 427 Pa. 581, 235 A. 2d 602 (1967) ; *Barco v. Steel Crest Homes, Inc.*, 420 Pa. 553, 218 A. 2d 221 (1966), we still must consider appellant's contention that the Human Relations Commission had the exclusive right to hear this dispute. Appellant relies on §12 of the Human Relations Act, Act of October 27, 1955, P. L. 744, as amended, 43 P.S. §962(b), which provides that as to ". . . acts declared unlawful by section five of this act the procedure herein provided shall, when invoked, be exclusive and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the complaint concerned." Appellant argues that since our decision in *Pennsylvania Human Relations Commission v. Chester School District*, 427 Pa. 157, 233 A. 2d 290 (1967) brings de facto segregation or substantial racial imbalance within section five of the act, the commission had exclusive control over this controversy.

Appellant's argument ignores the fact that the act was not "invoked" within the meaning of section five. Although the commission was involved early in this controversy, the suit before us was commenced by appellant herself, who claimed that she was being denied her constitutional rights by the plan which was originally adopted by the school board. The exclusive

remedy provision aims at preventing a person aggrieved by the violation of the act from commencing several different actions for relief. It does not bar another party from starting an action based on a claim that relief granted under the act is unconstitutional as to him.

Since the court below properly had jurisdiction over the subject matter of this suit, and since appellant is barred from raising any other claims by her failure to object to the settlement, the decree of the Court of Common Pleas of Delaware County is affirmed. Each party to pay own costs.

---

CONCURRING OPINION BY MR. JUSTICE COHEN:

I would vacate that part of the decree that implements a new plan of integration after the chancellor determined that the litigation was moot. The chancellor's action in regard to this plan is in no way *res judicata* on the parties or *stare decisis* on the plan's validity and is therefore of no force or effect. If and when the School Board adopts the suggested plan, the appellant will have an opportunity to attack its propriety.

I concur only in the affirmance of the dismissal of the petition for preliminary injunction.

Mr. Justice JONES joins in this opinion.