Leinwand, Appellant, *v.* John Wanamaker of Phila., Inc. et al.

Argued September 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Henry N. Fineman,* with him *A. Samuel Buchman,* for appellant.

*Guy T. Moore,* with him *Joseph Neff Ewing, Jr.,* and *Saul Ewing, Remick & Saul,* for defendant, appellee.

*Joel Paul Fishbein,* with him *Bennett, Bricklin & Saltzburg,* for additional defendant, appellee.

OPINION BY HOFFMAN, J., November 16, 1973:

This is an appeal from the order of the court below quashing appellant's appeal from a compulsory arbitration award.

Appellant (hereinafter, "plaintiff") commenced an assumpsit action in the Court of Common Pleas of Philadelphia against the appellee, John Wanamaker, Inc. (hereinafter, "original defendant") for goods consigned to original defendant and never returned. Original defendant filed an Answer and New Matter, asserting several defenses including the return of the goods to the plaintiff. Original defendant also filed a Complaint to join as an additional defendant the appellee, Moore Trucking Co. (hereinafter, "additional defendant"). Original defendant alleged alternatively that additional defendant was solely liable to the plaintiff, was jointly and severally liable, or liable over to the defendant.

On March 16, 1972, an arbitration panel returned an award in favor of both defendants. On March 23, plaintiff filed an appeal from the award of the arbitrator *"in favor of the defendant"*. The caption of the entrance of appeal listed the original defendant only, and not the additional defendant. In order to perfect the appeal, plaintiff paid the record costs with respect to original defendant only, and gave notice of the appeal to original defendant only.

Additional defendant and original defendant both filed motions to quash the appeal. The court below ordered the appeal quashed in its entirety. With respect to additional defendant, the court quashed the appeal because of plaintiff's failure to pay costs and give notice of the appeal. With respect to original defendant the court held that because the appeal of the additional defendant had to be quashed, the appeal as to the original defendant must also be quashed because without the additional defendant, it would be impossible to conduct a de novo trial. The issue thus presented is whether it is proper to quash a plaintiff's appeal from an adverse arbitration award in favor of an original defendant which has been perfected because the plaintiff fails to perfect an appeal as to an additional defendant.

Our research indicates that neither statute, procedural rule, nor judicial precedent has spoken to this issue. We are not aided by decisions of this court concerning the effect of an appeal by one of two joint defendants from an adverse award against that defendant. Compare *Hammerman v. Lee*, 207 Pa. Superior Ct. 370, 217 A. 2d 853 (1966); and *Bortock v. Philadelphia Transport Co.*, 203 Pa. Superior Ct. 385, 198 A. 2d 617 (1964); with *Flounders v. Foster*, 212 Pa. Superior Ct. 418, 243 A. 2d 146 (1968); and *Klugman v. Gimbel Brothers, Inc.*, 198 Pa. Superior Ct. 268, 182 A. 2d 223 (1962). These cases hold that an appeal by one of two original defendants does not include an appeal for the other defendant unless the intent to so include is clear and the resolution of the issues requires the inclusion of the non-appealing defendant in the trial de novo.

It is clear from the record in the instant case that the plaintiff intended to and did perfect an appeal only from the award in favor of the original defendant. Plaintiff did not enter into any contractual relationship with the additional defendant and asserted no rights or liabilities with respect to it. It would be anomalous to place the burden upon a plaintiff to join in an action an additional defendant against whom he has never asserted any rights or claimed any liabilities.

The Pennsylvania Rules of Civil Procedure relating to the joinder of additional defendants are instructive in this respect. Rule 2252 imposes the burden of joining additional defendants upon the original defendant in *"any action brought in or appealed to any court of record which is subject to these rules."* Pa. R.C.P. No. 2251. While this burden was properly assumed by the original defendant in response to plaintiff's original complaint, there is no reason for shifting that burden to the plaintiff seeking trial de novo. We therefore hold that the court below erred in imposing upon the plaintiff the burden of perfecting an appeal with re-

spect to a party against whom it made no claim. The burden of joining the additional defendant, whether at the arbitration level or in a trial de novo in a common pleas court, rests upon the party seeking joinder.

The Order of the court below is reversed, appellant's appeal is reinstated and the appellee Wanamaker granted a reasonable time within which to join the additional defendant.