Ottaviano, Appellant, et al. *v.*
Southeastern Pennsylvania Transportation
Authority et al.

Argued September 8, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Sidney E. Herold,* with him *Paul N. Sandler* and *Thomas J. Ingersoll,* for appellant.

*James Ciamaichelo,* with him *Joseph F. Keener, Jr.,* and *Norman Hegge, Jr.,* for appellee.

OPINION BY JACOBS, J., March 29, 1976:

We are here concerned with an award of arbitration in favor of Joseph Zangari, one of two joint plaintiffs, and against Southeastern Pennsylvania Transportation Authority (SEPTA) and appellant, both as joint plaintiff and additional defendant. On appellant's appeal from arbitration, the court below granted summary judgment in favor of SEPTA. We find this ruling proper and affirm.

On December 23, 1968, an accident occurred in the City of Philadelphia involving a car driven by appellant, Joseph Ottaviano, in which Joseph Zangari was a passenger, and a SEPTA bus. Both Ottaviano and Zangari, represented by the same attorney, brought suit against SEPTA, which joined Ottaviano as additional defendant.[1] In his two capacities, as co-plaintiff and defendant, Ottaviano was represented by separate counsel.[2] The case was assigned to arbitration[3] and on November 28, 1973, the arbitrators filed their report and award in favor of plaintiff Zangari in the amount of $900.00 against both defendant SEPTA and additional defendant Ottaviano, and in favor of SEPTA in the claim of Ottaviano as plaintiff. On December 19, 1973, the attorney who represented Ottaviano as plaintiff filed an appeal in which the following language appeared:

---

1. Pa.R.C.P. 2252(d) provides for the joinder of additional defendants when the person joined is already a party to the action.

2. Separate counsel is required where representation of a party both as co-plaintiff and additional defendant would constitute a conflict of interest. *Allen v. Duignan*, 191 Pa. Superior Ct. 608, 159 A.2d 21, *allocatur refused*, 191 Pa. Superior Ct. *xxvi* (1960). In the present case, counsel for appellant as additional defendant was provided by appellant's liability insurance carrier.

3. Compulsory arbitration is provided for by the Act of June 16, 1836, P.L. 715, §8.1 added January 14, 1952, P.L. (1951) 2087, §1, *as amended*, 5 P.S. §30 (Supp. 1975-76). This statute is implemented in Philadelphia County by the Rules for Compulsory Arbitration, Rule 1, adopted September 23, 1971, *as amended*, March 1, 1974.

"Kindly enter appeal on behalf of plaintiff, Joseph Ottaviano only, from the Award of Arbitrators filed November 28, 1973 ...." No other appeals were filed. On February 27, 1974, an order was filed of record, again by plaintiffs' attorney, marking the award of arbitrators satisfied as to Joseph Zangari only.

Ottaviano's appeal was listed for a trial *de novo* before the Philadelphia Court of Common Pleas. Defendant SEPTA moved for summary judgment asserting that Ottaviano was appealing in his capacity as plaintiff only and consequently the judgment against him as additional defendant was final. This final judgment, defendant contends, determined the issue of appellant Ottaviano's negligence and he is therefore estopped from proceeding with any further action for damages based on the same cause of action. The court below agreed with this position and entered an order granting the motion for summary judgment based on the principles of collateral estoppel and the finality of unappealed arbitration awards. Appeal to this Court was taken from the lower court's order.

Appellant, as a party to the arbitration, has a statutory right to appeal from the award of arbitrators and is entitled to a trial *de novo*. Act of June 16, 1836, P.L. 715, §27, *as amended*, 5 P.S. §71.[4] It is appellant's view that the failure of the counsel representing appellant as defendant to bring an appeal should not operate to deprive him of his right. Since the identity of appellant as both co-plaintiff and additional defendant is apparent, appellant contends that his appeal in one capacity would necessarily involve an appeal in the other. As authority for this argument, reliance is placed on *Washik v. Chase*, 231 Pa. Superior Ct. 378, 332 A.2d 481 (1974). *Washik* is actually one of the more recent

---

4. The Rules for Compulsory Arbitration, Philadelphia County, adopted September 23, 1971, *as amended*, March 1, 1974, implement the statute as it provides for appeal from arbitration in Rule VI. Rule VIB provides that the appeals shall be *de novo*.

statements of this Court in a long line of opinions concerning appeals from arbitration awards.[5] All these decisions reflect different aspects of the same issue: When only one of multiple parties to an arbitration appeals, which of the unappealing parties are also carried up for review? From a review of the cases it appears that such an appeal includes those who the appellant intends to include or whose participation is required to resolve the issues raised by the appeal, absent some clear indication by the appellant to the contrary.

The seminal case in the series is *Klugman v. Gimbel Bros., Inc.*, 198 Pa. Superior Ct. 268, 182 A.2d 223, *allocatur refused*, 198 Pa. Superior Ct. *xxix* (1962). There an additional defendant was held liable over to the original defendant for plaintiff's injuries. The additional defendant alone appealed the judgment against him in favor of the original defendant. After the statutory appeal period had passed the plaintiff had judgment entered against the original defendant. This Court approved the entry of judgment holding that the award of the arbitrators against the original defendant was final because the original defendant was not made a party appellant in the additional defendant's appeal and could not benefit therefrom. As stated by Judge FLOOD

---

5. *Mitchell v. Pittsburgh*, 233 Pa. Superior Ct. 119, 335 A.2d 403 (1975); *Washik v. Chase*, 231 Pa. Superior Ct. 378, 332 A.2d 481 (1974); *Leinwand v. John Wanamaker*, 226 Pa. Superior Ct. 251, 312 A.2d 72 (1973); *Delmarmol v. Fidelity & Deposit Co.*, 225 Pa. Superior Ct. 90, 310 A.2d 363 (1973); *Fante v. Philadelphia Transp. Co.*, 222 Pa. Superior Ct. 276, 294 A.2d 776 (1972); *Romanovich v. Hilferty*, 212 Pa. Superior Ct. 570, 245 A.2d 701 (1968); *Flouders v. Foster*, 212 Pa. Superior Ct. 418, 243 A.2d 146 (1968); *Hammerman v. Lee*, 207 Pa. Superior Ct. 370, 217 A.2d 853 (1966); *Portock v. Philadelphia Transp. Co.*, 203 Pa. Superior Ct. 385, 198 A.2d 617 (1964); *Ringgold v. Sampona*, 202 Pa. Superior Ct. 412, 195 A.2d 179 (1963); *Klugman v. Gimbel Bros., Inc.*, 198 Pa. Superior Ct. 268, 182 A.2d 223, *allocatur refused*, 198 Pa. Superior Ct. *xxix* (1962). *See also*, S. Feldman, 1 Pennsylvania Trial Guide §18.5 (1973, Supp. 1975).

in *Klugman:* "It may be that [additional defendant] has an appealable interest as to the plaintiff's award .... But this did not make [original defendant] whose rights and liabilities were distinct and different from those of [additional defendant], a party appellant in that appeal, as to which it was already an appellee, and no order could be entered on that appeal affecting the rights of the plaintiff and [original defendant] inter se." *Klugman v. Gimbel Bros., Inc.,* supra at 276, 182 A.2d at 227.

The cases of *Portock v. Philadelphia Transp. Co.,* 203 Pa. Superior Ct. 385, 198 A.2d 617 (1964) and *Hammerman v. Lee,* 207 Pa. Superior Ct. 370, 217 A.2d 853 (1966) followed *Klugman* and distinguished it. In *Portock,* the plaintiff obtained a judgment against one of two joint defendants. The losing defendant appealed both the award in favor of the plaintiff and that in favor of the other defendant. *Klugman* was not applied in this case to permit the winning defendant to enter judgment on its award where the appellant had clearly expressed the intent to have all the arbitrators' awards reviewed in a trial *de novo.* Again speaking for the Court in *Portock,* Judge FLOOD stated: "This means that the parties shall be the same as they were in the original case and that the case shall be tried afresh by the court." *Portock v. Philadelphia Transp. Co.,* supra at 388, 198 A.2d at 619. The same result was reached in *Hammerman v. Lee,* supra. There the arbitrators found in favor of the plaintiff against one of two original defendants and against the additional defendant, jointly and severally. The losing original defendant alone appealed from the report and award containing all the arbitrators' decisions. This Court held that the entire matter, all parties included, was brought up on appeal for a trial *de novo.* It was pointed out that the losing defendant and additional defendant filed an affidavit stating it was their intention that the appeal would be effective for both, and they both paid for half the costs of appeal. Furthermore, the appellant stated it was appealing from

the entire award, thus bringing up for review the award in the plaintiff's favor against both losing parties and the decision in favor of the winning defendant. It would clearly be to appellant's interest, and therefore most probably his intention absent indication to the contrary, to have all the awards decided adversely to him retried *de novo*. The adverse awards could include not only that in favor of the other original defendant but also that holding the additional defendant jointly and severally liable when the appellant had joined additional defendant alleging its sole liability. This is unlike the situation in *Klugman* where the appealing defendant did not attack the plaintiff's award against the other defendant, but only challenged the right of recovery over between the two defendants.

The remaining cases in the series follow the rationale of these leading cases. In each one, the Court recognizes the appellant's intent to appeal from adverse judgments without disturbing the awards of parties who failed to appeal where the review of their awards is not necessary for the resolution of the issues on appeal. Thus it was held that the appeal of one defendant, which was limited in scope to the award against him alone, would not carry with it an appeal on behalf of any other party in the following cases: *Delmarmol v. Fidelity & Deposit Co.*, 225 Pa. Superior Ct. 90, 310 A.2d 363 (1973); *Fante v. Philadelphia Transp. Co.*, 222 Pa. Superior Ct. 276, 294 A.2d 776 (1972); *Romanovich v. Hilferty*, 212 Pa. Superior Ct. 570, 245 A.2d 701 (1968); *Flouders v. Foster*, 212 Pa. Superior Ct. 418, 243 A.2d 146 (1968); *cf.*, *Leinwand v. John Wanamaker*, 226 Pa. Superior Ct. 251, 312 A.2d 72 (1973). In *Washik v. Chase*, supra, a case on point with *Portock v. Philadelphia Transp. Co.*, supra, it was held that the appeal by two of four joint defendants operated with respect to the arbitrators' entire award as to all the parties. This result is consistent with the leading cases because in *Washik*, the two unappealing defendants had awards in their favor. In appealing from

the award, therefore, the losing defendants would certainly expect to have the awards in favor of the other defendants reviewed as well as the decision in favor of the plaintiff. *Accord, Mitchell v. Pittsburgh,* 233 Pa. Superior Ct. 119, 335 A.2d 403 (1975).

Applying this precedent to the instant case, we must conclude that appellant herein is before us in his capacity as plaintiff only. Despite appellant Ottaviano's identity as both the co-plaintiff and the additional defendant, his attorney specifically limited the scope of his appeal as brought "on behalf of plaintiff, Joseph Ottaviano only ...." This language has been understood to exclude the possibility that the appeal was brought on behalf of any other party with an adverse judgment. *Romanovich v. Hilferty,* supra; *cf., Washik v. Chase,* supra. Furthermore, the attorney who filed the appeal had never represented appellant in his capacity of additional defendant. Even so we might still have given more attention to appellant's argument that he intended to appeal all unfavorable awards, including the one against him as additional defendant, had he not already satisfied the judgment as to his co-plaintiff. It is difficult to believe that it was ever appellant's intention to appeal the award in favor of co-plaintiff Zangari and against him as additional defendant when he proceeded to satisfy the judgment against him, as well as expressly state his intent to appeal as plaintiff only. Rather it appears that appellant's attorney sought to secure the award in favor of his client Zangari against both SEPTA *and* Ottaviano while at the same time appealing the adverse decision which resulted in Ottaviano's failure to recover as plaintiff. Appellant cannot satisfy the judgment, thereby acquiescing in the arbitrators' determination, and then claim that he may appeal from the very judgment he already paid.[6] *Cf., Corabi v. Curtis Publishing Co.,* 437

___

6. Appellant has not challenged the entry of satisfaction of the judgment against him at any point in the proceedings.

Pa. 143, 262 A.2d 665 (1970); *Daly v. Darby Township School Dist.*, 434 Pa. 286, 252 A.2d 638 (1969); *Gough v. Halperin*, 306 Pa. 230, 159 A. 447 (1932); 9 Standard Pennsylvania Practice 134 (1962).

An award of arbitrators from which no appeal is taken has the effect of a final judgment. Act of June 16, 1836, P.L. 715, §24, 5 P.S. §54. "An unappealed from award is final and estops the party against whom it is made from proceeding further with the same cause of action." *Romanovich v. Hilferty*, supra at 576, 245 A.2d at 705. Similarly, the unappealed determination of the arbitrators against Ottaviano as additional defendant conclusively decided the issue of Ottaviano's negligence in the accident between his car and the SEPTA bus. In asking for a trial *de novo* to determine his own right of recovery as plaintiff against SEPTA, appellant would be relitigating the same issue of negligence on the basis of the same evidence heard by the arbitrators. We have stated that where "the issue or issues of fact determined in a prior action [are] the same as those appearing in a subsequent action ..." and where "the party against whom the defense is invoked is identical to ... the party in the first action" the principle of collateral estoppel applies. *Thompson v. Karastan Rug Mills*, 228 Pa. Superior Ct. 260, 265, 323 A.2d 341, 344 (1974). *Accord* Restatement of Judgments §68 (1942). Here, the issue of negligence of appellant and SEPTA was fully litigated in the prior proceeding and a final judgment entered thereon. Although co-defendants before the arbitrators, the parties to this appeal have represented adverse interests throughout the proceedings, yet appellant has failed to show freedom from fault in the occurrence in order to establish the liability of SEPTA and has chosen not to appeal the award against him as additional defendant. *Davis v. O'Brien*, 230 Pa. Superior Ct. 449, 326 A.2d 511 (1974). Finally, the adverse judgment against appellant has actually been satisfied. Any attempt to relitigate the matter could result not only in conflicting results on the central issue of negligence as

decided by two separate tribunals, but also in the anomalous situation of a party recovering damages in the same action in which he paid damages. Under these circumstances, the appellant is estopped from relitigating the issue of negligence. *London v. Philadelphia*, 412 Pa. 496, 194 A.2d 901 (1963); *Simodejka v. Williams*, 360 Pa. 332, 62 A.2d 17 (1948); *Thompson v. Karastan Rug Mills*, supra; *Romanovich v. Hilferty*, supra; *Ringgold v. Sampona*, 202 Pa. Superior Ct. 412, 195 A.2d 179 (1963).

Order affirmed.

DISSENTING OPINION BY PRICE, J.:

For the reasons stated in my concurring opinion in *Mitchell v. Pittsburgh*, 233 Pa. Superior Ct. 119, 335 A.2d 403 (1975), I must dissent. This appeal presents not only a perfect example of what I view as an unnecessarily complicated situation, but an example of an absurd result from the application of the present case law applied by the majority.

I would reverse the order of the lower court.