Charles F. SMITH

v.

ANCHOR MOTOR FREIGHT CO.

No. 76–176 Civil.

United States District Court, M. D. Pennsylvania.

Sept. 7, 1976.

Donald Reihart, Laucks & Monroe, York, Pa., for plaintiff.

Morris Reznick, Goldfard & Reznick, Cleveland, Ohio, Robert J. Stewart, Liverant, Senft & Cohen, York, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

On June 9, 1976, this Court entered an order dismissing the complaint, *inter alia*, insofar as it purported to claim a violation of the federal Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., for the reason that plaintiff failed to seek relief from the Pennsylvania Human Relations Commission prior to instituting suit in federal court as required by 29 U.S.C. § 633(b). Thereafter, even though defendant had filed an answer to the original complaint, thereby necessitating leave of court in order for an amended complaint to be filed, Rule 15(a), Federal Rules of Civil Procedure, plaintiff filed an amended complaint, without leave of court, alleging a violation of the Pennsylvania Human Relations Act and premising jurisdiction on diversity of citizenship. Defendant promptly filed a motion to strike the amended complaint on the ground of failure to obtain leave of court as required by Rule 15(a), and, in its brief in support of that motion, argued that the Court should not grant plaintiff leave to amend because of the legal insufficiency of the proposed amended complaint. Plaintiff has now filed a motion for leave to file the previously filed amended complaint. In view of the foregoing, the Court will address the outstanding motions as if they presented a motion for leave to file an amended complaint, opposed on the grounds of legal insufficiency.

At the outset, it should be noted that both parties agree that leave to amend may be denied on the ground of legal insufficiency, *see Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.,* 309 F.Supp. 1057 (E.D.Pa.1969), and that the proper test for evaluating the legal sufficiency of a proposed amended complaint is "the same test that is used when the legal sufficiency of a pleading is challenged under Rule 12(b)(6) or (f): if there is no set of facts which could be proved under the amendment which would constitute a valid and sufficient claim or defense, as the case may be, leave should be denied." 3 Moore's Federal Practice, Para. 15.08(4), p. 905 (1974). Defendant maintains that the proposed amended complaint is legally insufficient because plaintiff has not filed a claim with the Pennsylvania Human Relations Commission, and the filing of such a claim is a prerequisite to suit under the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. (the Act). Inasmuch as the parties agree that plaintiff has not presented his claim of age discrimination to the Human Relations Commission, and that he may not at this time so present his claim as more than ninety days have elapsed since the alleged act of discrimination, *see* 43 P.S. § 959, the dispositive issue here is whether, under the Act, suit may be brought in this Court alleging a violation of the Act by a plaintiff who has not first presented his claim of discrimination to the Human Relations Commission pursuant to 43 P.S. § 959.[1]

Notwithstanding the parties' contentions to the contrary, the language of the Act does not unambiguously resolve the issue one way or the other. As far as the literal language of the statute is concerned, it is equally possible to read the Act facially

---

1. Defendant also argues that suit may not be brought in *federal* court under the Act because Section 962(c) of the Act, which provides for commencement of a civil suit, states that an individual is entitled "to bring an action in the *Courts of the Common Pleas of the Commonwealth* based on the right to freedom from discrimination granted by this Act." (emphasis supplied). Because of the manner in which the issue raised by plaintiff's not having filed a complaint with the Human Relations Commission is resolved, *see infra,* it is not necessary to address this argument.

as not requiring the exhaustion of administrative remedies prior to filing suit as it is to read it as requiring such exhaustion. Nevertheless, upon analysis, I have concluded that the defendant's position is correct, and that a person must first present a claim of unlawful discrimination to the Human Relations Commission before he may file suit under the Act.

The most compelling reason for such a conclusion is that the Court of Appeals for the Third Circuit has held, in *Richardson v. Miller*, 446 F.2d 1247 (3d Cir. 1971), that a plaintiff who fails to file a charge with the Commission is foreclosed from pursuing in court the remedies provided by the Act. *Richardson* was an appeal from a dismissal for lack of jurisdiction of a *pro se* complaint which sought relief on several grounds, among them for violations of the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3. In affirming the dismissal insofar as the complaint sought relief under those statutes, the Court stated:

> "It is immediately apparent that under the Pennsylvania Human Relations Act, Pa.Stat.Ann. Tit. 43, § 955 (Supp.1970), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3, plaintiff had an available forum in which to present the charges contained in his complaint. Unfortunately, plaintiff failed to avail himself of the procedures provided by the Acts to afford redress for violations of the type alleged here. *Since plaintiff failed to file a charge with the respective Commissions within the appropriate time periods, he is now foreclosed from pursuing the remedies* provided by the Acts."

*Id.* at 1248 (emphasis supplied). It would seem that the motion to amend should be denied, if only because of the holding in *Richardson*.

Plaintiff argues, however, that this Court is not bound by that holding because the Third Circuit's summary treatment of the issue in that case overlooked a contrary ruling by the Pennsylvania Supreme Court in *Daly v. Darby Township School District*, 434 Pa. 286, 252 A.2d 638 (1969), and disregarded the structure and procedure of the Pennsylvania Act which are different from Title VII of the federal Civil Rights Act and admittedly require exhaustion of state administrative remedies. Even if plaintiff were correct about the nature of the holding in the *Daly* case and the nature of the Pennsylvania Act, however, it doesn't follow that this Court would be free to ignore a holding of the Court of Appeals. Be that as it may, plaintiff's contentions concerning the *Daly* case and the nature of the Act are not correct.

*Daly* was a suit in equity to enjoin the implementation of a desegregation resolution of the School Board of Darby Township on the ground that the ratio system proposed by the resolution was a racial classification which violated the Pennsylvania Public School Code and the constitutional rights of the plaintiff's child. The plaintiff in *Daly* did not contend that the resolution violated the Human Relations Act and, thus, his suit was not, as the proposed amended complaint in the instant case attempts to be, a suit under that Act, but was instead a suit under the Pennsylvania School Code and the constitution. On appeal from the lower court's denial of the requested relief and ordering of the school district to adopt its desegregation plan, plaintiff argued, *inter alia,* that the lower court's order was of no effect because it did not have jurisdiction of the case, inasmuch as exclusive jurisdiction of any dispute involving racial or any form of discrimination prohibited by the Human Relations Act was vested in the Human Relations Commission by the Act, regardless whether the Act itself was invoked in an attempt to resolve the dispute. The Pennsylvania Supreme Court held that the Commission's jurisdiction or a discrimination dispute was exclusive only "when invoked," as provided by the Act, 43 P.S. § 962(b), and that because plaintiff did not invoke the procedure provided by the Act, he was free to seek relief in court under the Pennsylvania School Code and the constitution rather than from the Commission under the Act. Because *Daly* was not a case in which a plaintiff brought suit under the Human Relations

Act and sought to avail himself of the unique and extraordinary remedies provided by that Act, it has no bearing on the issue presented here.[2]

Plaintiff is also incorrect in his contention that the Act contemplates that a victim of unlawful discrimination is free either to present his claim to the Commission or to bypass the Commission altogether and file suit in court under the Act without having first presented his claim to the Commission. It is true that no particular passage of the Act refutes plaintiff's contention. However, an overall reading of the statute demonstrates the unsoundness and incorrectness of the plaintiff's position.

█ In establishing a Human Relations Commission, 43 P.S. § 956, with extensive general powers and duties, 43 P.S. § 957, the Act clearly contemplates that the Commission will be expert in the field of unlawful discrimination. The Act also establishes an elaborate and intricate procedure that provides for, *inter alia*, the filing of complaints with the Commission, the investigation and conciliation of complaints by the Commission, and, failing such conciliation, the holding of hearings by the Commission, with that agency having the power to make conclusive findings of fact and to issue extensive and binding orders as a result of its findings. 43 P.S. § 959. The Commission has the power to order extraordinary and far-reaching relief as a result of its findings, including a cease and desist order and such affirmative action as "hiring, reinstatement or upgrading of employees, with or without back pay, admission or restora-

tion to membership in any respondent labor organization, or selling or leasing specified commercial housing upon such equal terms and conditions and with such equal facilities, services and privileges or lending money, whether or not secured by mortgage or otherwise for the acquisition, construction, rehabilitation, repair or maintenance of commercial housing, upon such equal terms and conditions to any person discriminated against or all persons as, in the judgment of the Commission, will effectuate the purposes of this act, and including a requirement for report of the manner of compliance." 43 P.S. § 959. Enforcement of any order by the Commission may be sought in the courts of the Commonwealth. 43 P.S. § 960. In view of the elaborate and intricate machinery involving the Commission that is established by the Act, as well as the extensive and extraordinary powers of that body, it would be unreasonable to conclude that the Pennsylvania legislature intended that the expert agency created by the Act could be lightly bypassed in a suit under the Act. This seems particularly so in light of the limitations period created by the Act which provides that "[a]ny complaint filed pursuant to this section [section 959], must be so filed within ninety days after the alleged act of discrimination." 43 P.S. § 959. If the plaintiff's position were correct, an aggrieved person could, as plaintiff attempts to do in this case, completely ignore the ninety-day limitations period, and still seek to obtain the extraordinary relief provided for by the Act by filing suit in court under the Act.

---

**2.** Indeed, the result in *Daly* is compelled by the plain meaning of the language of the Act. 43 P.S. § 962(b) provides in pertinent part:

"Except as provided in subsection (c), nothing contained in this act shall be deemed to repeal or supersede any of the provisions of . . . any law of this Commonwealth relating to discrimination because of race, color, religious creed, ancestry, age, sex, national origin or handicap or disability, but as to acts declared unlawful by section five of this act the procedure herein provided shall, *when invoked*, be exclusive and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the complainant concerned."

(emphasis supplied). The interpretation urged by the plaintiff in *Daly* would have been contrary to the first clause of Section 962(b), which is plainly intended to leave intact and unaffected by the Act any procedure or law which would be parallel to the procedure and remedies provided for by the Act. Section 962(b) does provide, however, as the court in *Daly* held, that the procedure created by the Act *would* be exclusive *when invoked*, but only when invoked. Parties are still free, as was the plaintiff in *Daly*, to seek relief under parallel laws prohibiting discrimination.

The subsections of the Act which deal with suits in court and on which plaintiff relies for his interpretation are 43 P.S. § 962(b) and (c), which provide as follows:

"(b) Except as provided in subsection (c), nothing contained in this act shall be deemed to repeal or supersede any of the provisions of any existing or hereafter adopted municipal ordinance, municipal charter or of any law of this Commonwealth relating to discrimination because of race, color, religious creed, ancestry, age, sex, national origin or handicap or disability, but as to acts declared unlawful by section five of this act the procedure herein provided shall, when invoked, be exclusive and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the complainant concerned. If such complainant institutes any action based on such grievance without resorting to the procedure provided in this act, he may not subsequently resort to the procedure herein. In the event of a conflict between the interpretation of a provision of this act and the interpretation of a similar provision contained in any municipal ordinance, the interpretation of the provision in this act shall apply to such municipal ordinance.

"(c) In cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed. If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act. If the court finds that the respondent has engaged in or is engaging in an unlawful discriminatory practice charged in the complaint, the court shall

enjoin the respondent from engaging in such unlawful discriminatory practice and order affirmative action which may include, but is not limited to, reinstatement or hiring of employes, granting of back pay, or any other legal or equitable relief as the court deems appropriate. Back pay liability shall not accrue from a date more than three years prior to the filing of a complaint charging violations of this act."

In support of his position, plaintiff relies primarily on the portion of § 962(b) which provides that "If such complainant institutes any action based on such grievance without resorting to the procedure provided in this act, he may not subsequently resort to the procedure herein." Plaintiff maintains that the words "any action" include a suit under the Act itself. However, in light of the context in which the quoted sentence appears, as well as the overall structure and intent of the Act, *see supra*, it is more likely that the words "any action" mean any suit commenced under a parallel law prohibiting discrimination, *viz.*, "any existing or hereafter adopted municipal ordinance, municipal charter or of any law of this Commonwealth relating to discrimination because of race, color, religious creed, ancestry, age, sex, national origin or handicap or disability . . . .," and that if an aggrieved resorts to any such parallel procedure or law for relief from his alleged discrimination, he may not thereafter invoke the Act.

Furthermore, in light of the interpretation set forth above, § 962(c), which provides for the bringing of a court action under the Act, applies only in very limited circumstances, i. e., when a complainant receives notice that the Commission has dismissed his complaint or "has not entered into a conciliation agreement to which the complainant is a party . . ." 43 P.S. § 962(c). Failing the receipt of such a notice, which plaintiff here has admittedly not received, never having filed a complaint with the Commission in the first place, suit may not be filed under the Act. Plaintiff's motion for leave to file an amended complaint will be denied.