401 A.2d 356

Scott BERKEY, and Leo Dafner, Appellants,

v.

Mark PULIAFICO, Appellee,

v.

Scott BERKEY, Appellant.

Supreme Court of Pennsylvania.

Argued March 12, 1979.

Decided May 1, 1979.

Homer W. King, David L. Beck, Pittsburgh, for appellant.

S. Asher Winikoff, Rosenberg, Kirshner & Kaleugher, Pittsburgh, for Mark Puliafico.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice.

On November 10, 1972, appellant, Scott Berkey, and Leo Dafner were involved in an automobile collision with appellee, Mark Puliafico. Appellant and Dafner brought a trespass action alleging negligence against appellee, who then joined appellant as an additional defendant.[1] The case was assigned to the Arbitration Division of the Allegheny County Court[2] and on March 22, 1976, a panel of arbitrators made the following finding and award: "for 1) Plaintiff Leo Dafner in the amount of (2,000.00) two thousand dollars against the original defendant and the additional defendant. 2) Defendant Mark Puliafico on the claim of Scott Berkey".

1. Pa.R.C.P. 2252(d) provides for the joinder of additional defendants when the person sought to be joined is already a party to the action.

2. Act of June 16, 1836, P.L. 715, § 8.1 added January 14, 1952, P.L. (1951) 2087, § 1, as amended, 5 P.S. § 30 (Supp.1978–79) provides for compulsory arbitration and is implemented in Allegheny County by Local Rule 301 et seq., adopted December 23, 1968, amended April 23, 1969. Amended March 7, 1975, eff. March 7, 1975.

Appellant then exercised his statutory right to appeal [3] by timely filing a standard Notice of Appeal from which read as follows: "Scott Berkey (only), Appellant does hereby appeal from the award of the Arbitrators in the above-captioned case, which award was entered of record on 22 day of March, 1976." (The caption of this form listed "Scott Berkey" as a plaintiff and as an additional defendant.) Thereafter, appellee filed a motion for an order to compel entry of judgment against himself and appellant-Scott Berkey as additional defendant on the Dafner claim contending that appellant had appealed in his capacity as plaintiff, only.[4] Relying solely upon *Ottaviano v. Southeastern Pa. Transportation Authority (SEPTA),* 239 Pa.Super. 363, 361 A.2d 810 (1976), the lower court granted appellee's request and entered an order directing the Prothonotary to enter judgment against appellee as a defendant and against appellant as an additional defendant. Appellant appealed to the Superior Court which affirmed per curiam (dissenting opinion, Price, J.) and on July 11, 1978, this Court granted appellant's petition for allowance of appeal.

Appellant contends that his appeal was taken in his capacity as both a plaintiff and an additional defendant,

**3.** "Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was entered, under the following rules, regulations and restrictions, . . . . All appeals shall be de novo." 1836, June 16, P.L. 715 § 27, 5 P.S. § 71 (1963).

**4.** Additionally, appellee contends that appellant, who was represented by separate attorneys in each capacity, did not appeal as additional defendant since only the attorney representing him as plaintiff filed the appeal. He further argues that the attorney representing appellant as plaintiff could not have filed an appeal on behalf of the additional defendant because this would have been an unethical representation of conflicting interests on the part of the plaintiff-attorney. *See Jedwabny v. Philadelphia Transportation Company,* 390 Pa. 231, 135 A.2d 252 (1957); *see also,* Canon 6 of the Canons of Professional Ethics. This argument is without merit. It improperly focuses on the intention of the attorneys involved rather than on the intention of the appellant. The fact that ethical considerations might, on appeal, preclude an attorney's representation of appellant in both his capacities is no indication that *appellant* intended to limit his appeal to his claim as plaintiff.

and, thus, the lower court erroneously ordered judgment to be entered against him as additional defendant. We agree.

In *Ottaviano v. SEPTA,* plaintiff-Ottaviano was also an additional defendant. After receiving adverse awards in both these capacities, Ottaviano filed an appeal "on behalf of plaintiff, Joseph Ottaviano only . . . ." Ottaviano then satisfied the judgment against him as additional defendant. The Superior Court concluded that Ottaviano had appealed as a plaintiff only and that the unappealed award was a final determination of the issue of his negligence which would bar any future litigation of the same issue, namely, the appeal de novo on his plaintiff-claim. The *Ottaviano* court justified their conclusion that Ottaviano had appealed as a plaintiff only by stating that:

> Even so we might still have given more attention to appellant's argument that he intended to appeal all unfavorable awards, including the one against him as additional defendant, had he not already satisfied the judgment as to his co-plaintiff. It is difficult to believe that it was ever appellant's intention to appeal the award in favor of co-plaintiff Zangari and against him as additional defendant when he proceeded to satisfy the judgment against him, as well as expressly state his intent to appeal as plaintiff only. . . . Appellant cannot satisfy the judgment, thereby acquiescing in the arbitrators' determination, and then claim that he may appeal from the very judgment he already paid. . . . *Id.* 239 Pa.Super. at 370, 361 A.2d at 814.

■ The lower court's reliance upon *Ottaviano* is misplaced. Appellant-Scott Berkey did not indicate any limitation of capacities on his Notice of Appeal form nor has he "acquiesced" in the arbitrators' adverse determination by satisfying the judgment against him as additional defendant. When an appellant files an appeal, his appeal is filed in all his capacities unless a contra intent is evidenced as in *Ottaviano.*

Therefore, we vacate the order of the lower court and remand the case to that court for an appeal de novo from both awards.