Kathleen **ROBBINS** and Brett Robbins, Appellants,

v.

Bryan R. **BUCK**, Appellee.

Superior Court of Pennsylvania.

Argued May 7, 2003.

Filed June 19, 2003.

Andrew I. Roseman, Philadelphia, for appellants.

John R. Brown, Philadelphia, for appellee.

Before: DEL SOLE, P.J., JOHNSON, and BECK, JJ.

OPINION BY JOHNSON, J.: .

¶ 1 On November 26, 2002, the Honorable Matthew D. Carrafiello granted summary judgment in favor of Bryan R. and Jillian Buck (the Bucks) and against Kathleen and Brett Robbins (the Robbinses) in an appeal from arbitration involving one of two cross-actions to recover for personal injuries arising from a two-car motor vehicle accident. The Robbinses now appeal, claiming Judge Carrafiello erroneously concluded that principles of collateral estoppel apply to an arbitration award from which no appeal is taken. Finding no error, we affirm.

¶ 2 The facts as set forth by Judge Carrafiello, and as confirmed in the certified record, are as follows:

Robbins and Buck were involved in a motor vehicle accident on February 28, 2000 in which both vehicles were damaged and Kathleen Robbins, Bryan Buck and Jillian Buck, a minor, suffered injuries. Both parties filed Civil Action Complaints and the cases were consolidated for discovery purposes and arbitration only. *Robbins v. Buck* was labeled the lead case, however both cases kept their respective case numbers. An arbitration panel heard both matters on March 19, 2002, and issued separate orders for each case, finding in favor of the Bucks.

Robbins filed a timely appeal in the lead case (in which they were the plaintiffs) requesting a trial *de novo*, but failed to appeal the companion case of *Buck v. Robbins* where the Arbitrators had found Robbins liable and awarded monetary damages to the Bucks. (May Term 2001 # 1134)[.] Subsequent to the appeal, Robbins' insurance company settled *Buck v. Robbins*.

Buck filed a Motion for Summary Judgment on October 15, 2002 which was granted by this Court on November 26, 2002. Robbins then filed this timely appeal.

Trial Court Opinion, 1/8/03, at 1–2.

¶ 3 "Our standard of review of a grant of summary judgment is an abuse of discretion. *Albright v. Abington Memorial Hosp.*, 548 Pa. 268, 696 A.2d 1159, 1165 (1997). Summary judgment as a matter of law may be had where there are no genuine issues of material fact as to a cause of action. Pa.R.Civ.P. 1035.2." *Carlson v. Community Ambulance Services, Inc.*, 824 A.2d 1228. "Summary judgment is properly granted on grounds of res judicata and/or collateral estoppel if there is no genuine issue of material fact and the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits disclose that the moving party is entitled to judgment as a matter of law." *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa.Super. 225, 464 A.2d 1313, 1316 (1983).

█ ¶ 4 In the case now before us, the Robbinses filed a notice of appeal with the Philadelphia County Court of Common Pleas from the arbitration award entered in the case of *Robbins v. Buck*, only, in which the Robbinses were plaintiffs and in which they had been denied recovery against the Bucks. The Robbinses never filed a notice of appeal from the arbitrator's award entered against Kathleen Robbins in favor of the Bucks in *Buck v. Robbins*. The latter award became a final judgment. *See Dyer v. The Travelers*, 392 Pa.Super. 202, 572 A.2d 762, 764 (1990) (citing *Ottaviano v. Southeastern Pennsylvania Transportation Authority*, 239 Pa.Super. 363, 361 A.2d 810, 814 (1976)

and holding an arbitration award from which no appeal is taken has the effect of a final judgment on the merits).

¶ 5 Here, the Robbinses argue that the Pennsylvania Rules of Civil Procedure provide that when an arbitration involves multiple parties and issues, a timely appeal by one party is deemed to be an appeal by all parties as to all issues, citing Rule 1309. This is a correct statement of the law. However, there were *two* cases brought before the arbitration panel: Nos. CCP 0106–2332 (Lead Case) and CCP 0105–1134 (Companion Case). On October 1, 2001, Judge Carrafiello entered an order consolidating the cases "for the purpose of discovery and arbitration *only*." *See* First Judicial District, CIVIL DOCKET REPORT, Case ID 010602332, run date 1/08/03 (emphasis added). Thereafter, the arbitration panel, on March 19, 2002, at No. CCP 0106 2332, found against the Robbinses, finding that Kathleen Robbins "is more than fifty percent negligent." On March 20, 2002, the arbitrators entered a separate award on the docket at No. CCP 0105–1134 "finding in favor of Plaintiff Bryan Buck and against the Defendant in the amount of $10,000.00, less comparative negligence of 49%, for a total award of $5,100.00. Finding in favor of Plaintiff Jillian Buck and against the Defendant in the amount of $15,000.00." *See* Civil Docket Report, Case ID 010501134, printout 5/7/2002, at 5 of 6.

¶ 6 Judge Carrafiello noted in his Rule 1925 Opinion, and we have confirmed from the certified record, that the form on which the Report and Award of Arbitrators is recorded contains this printed language on the back thereof:

> **Separate Appeals must be filed** with the Prothonotary pursuant to Pa. R.Civ.P. No. 1308, and the required fees paid, **if two or more cases are consolidated for Trial and/or Discovery pur-** **poses.** Only those cases which are appealed will be scheduled for a de novo hearing. **Awards in cases not appealed will become final upon expiration of the appeal time.** (Emphasis added).

Here, the Robbinses ignored the requirement for filing separate appeals. Therefore, the judgments in favor of Bryan Buck ($5,100) and Jillian Buck ($15,000) entered on March 20, 2002, with notice given pursuant to Pa.R.C.P. 1307(a) became final thirty days thereafter. *See* Pa.R.C.P. 1308(a)(1) (requiring filing of notice of appeal from an arbitrator's award "not later than thirty days after the day on which the prothonotary makes the notation on the docket that notice of entry of the arbitration award has been provided as required by Rule 1307(a)(3)").

■ ¶ 7 Collateral estoppel may be applied when: 1) the issue decided in the prior adjudication is identical with the issue presented in the future action; 2) there was a final judgment on the merits; 3) the party against whom the plea is asserted was a party in the prior action; and 4) the party against whom the plea is asserted had a full and fair opportunity to litigate the issue in the prior adjudication. *See Day,* 464 A.2d at 1319. The issues of both liability and damages were litigated in *Buck v. Robbins,* the arbitration proceeding in which the arbitrators found in favor of the Bucks and against the Robbinses. The Robbinses now seek to have these same issues reviewed for a third time (inasmuch as they were also litigated and an award entered against the Robbinses in *Robbins v. Buck* ). This is barred on principles of collateral estoppel. Judge Carrafiello did not err in granting summary judgment in favor of the Bucks. Accordingly, we will affirm the order awarding same.

¶ 8 Order entered November 26, 2002 **AFFIRMED.**