## Tranor's Estate.

Argued January 14, 1935.   Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*William C. Alexander,* with him *Edward D. McLaughlin,* for appellants.

*Elgin E. Weest,* for appellee, was not heard.

PER CURIAM, March 25, 1935:

Grace S. Starr, formerly the wife of William J. Tranor, presented a negotiable promissory note dated May 16, 1930, in the sum of $14,000, as a claim against his estate. The note was the usual printed form of collateral note used by the Cambridge Trust Company, with its name printed thereon as payee.   The words "Cambridge Trust

Company" were lined out in ink, but remained plainly visible, and the name of the claimant was written in ink above them. At the adjudication of the administrator's account the claim was allowed, and this appeal followed.

The principal question now raised is whether the lining out of "Cambridge Trust Company" was a material alteration of the instrument such that the payee should be required to show it was made before signing. The signature of the decedent is not contested, and the Cambridge Trust Company does not claim to be the payee of the note, which was in appellee's possession before the death of the maker and produced by her at the adjudication. Under these circumstances the change of name does not suggest an alteration, but merely the adaptation of the printed note to the purpose for which it was to be used, by striking out the printed words "Cambridge Trust Company" and substituting therefor the name of the person to whom the note was delivered and who was intended to be the payee. The use of a note in this way is a common everyday occurrence to which bankers take no exception. Checks are frequently used in the same way when necessary to draw on another bank than the one whose name is printed thereon. Such a change is not a material alteration; it is, rather, no alteration at all. The note only became negotiable when it was signed and delivered, and not until then does any change make an alteration. Having been produced by the payee, the law will presume a delivery of the note for consideration unless the contrary is proven, or the attendant circumstances prevent such a presumption. As to this, the learned judge of the court below heard testimony on both sides, and found as a fact that appellants had failed to show nondelivery or lack of consideration, and that on the contrary the testimony showed the note was given for a consideration.

The decree of the court below is affirmed.