## Bechler, Appellant, v. Oliva.

300

Argued April 29, 1960. Before Jones, C. J., Bell, Jones, Cohen, Bok and Eagen, JJ.

*Theodore R. Mann,* with him *Maximillian J. Klinger,* for appellant.

*James M. Marsh,* with him *LaBrum & Doak,* for appellee.

Opinion by Mr. Justice Benjamin R. Jones, June 3, 1960:

On June 26, 1955, Ralph Oliva delivered his automobile to Augustine Pellegrino, the operator of an auto repair shop on Paschal Avenue, Philadelphia, with instructions to check the automobile for necessary repairs, have it inspected and returned to him. Pellegrino, finding the brakes faulty, relined the brakes. Before he had an opportunity to check the brake installation by a road test, a customer of Pellegrino's, living on Eastwick Avenue, requested Pellegrino to call at his home to check his automobile. Pellegrino took Oliva's automobile for a road test. After the road test Pellegrino called on his other customer to discuss possible repairs of that customer's automobile. Thereafter en route to the garage to put an inspection sticker on Oliva's automobile, Pellegrino became involved in an accident with an automobile owned and operated by one

J. Warren Bechler. For the purpose of this appeal, Pellegrino concedes that this accident was caused by his carelessness rather than the condition of the brakes.

Bechler sued Oliva and Pellegrino in trespass in the Court of Common Pleas No. 5 of Philadelphia County for damages for the personal injuries and property damage which he had sustained in this accident. At trial before a court and jury a compulsory nonsuit was entered as to Oliva and a verdict was returned in favor of Bechler and against Pellegrino in the amount of $12,000, which verdict was later reduced to judgment.

In the Court of Common Pleas No. 5 of Philadelphia County Bechler then issued an attachment execution against the Metropolitan Casualty Insurance Company, the insurance carrier of Oliva, to recover the amount of this judgment. The matter came on for trial before Judge REIMEL and a jury, testimony was taken and the jury returned a verdict in favor of the insurance carrier and against Bechler. Bechler filed motions for judgment n.o.v. and a new trial both of which motions were refused and judgment was entered on the verdict in favor of the insurance carrier. From the entry of that judgment this appeal was taken.

At the trial the insurance carrier's defense was twofold: (1) under the terms of the policy issued to Oliva the coverage included not only the named insured [Oliva] but "any person while using the automobile" provided that "the actual use of the automobile" [by such other person] was with the *permission* of the named insured [Oliva] and Pellegrino lacked such "permission"; (2) under the terms of the policy coverage was excluded for any person [other than the named insured] operating an automobile repair shop ". . . with respect to any accident arising out of the operation thereof. . . ." and therefore, Pellegrino was excluded from the policy's coverage since he was the operator of "an automobile repair shop" and this ac-

cident "arose out of" the operation thereof. The trial court submitted to the jury both questions raised by the insurance carrier and the jury found in its favor.

On this appeal Bechler seeks a judgment n.o.v., or, in the alternative, a new trial.

Bechler contends he is entitled to judgment n.o.v. for two reasons: (1) that the trial court should have found, as a matter of law, that Pellegrino had permission to use Oliva's automobile at the time and place of the accident and (2) that the trial court should have found, as a matter of law, that the accident did not "arise out of" the operation of a repair shop within the meaning of the exclusionary clause of the insurance policy. As to a new trial, Bechler contends that the trial court erred in stating to the jury that the purpose of the repair shop exclusionary clause in the policy was to exclude from coverage those engaged in the repair of automobiles because the owner of the automobile has no control over who the driver might be or the manner in which he might drive the automobile.

On this appeal the insurance carrier contends: (1) as to the motion for judgment n.o.v., Bechler, never having raised these questions in the court below, is barred from raising them on appeal, but that, even had Bechler properly raised such questions, the trial court could not have decided these questions as a matter of law and (2) as to the motion for a new trial, the trial court properly left to the jury's determination the finding of the facts and whether the facts were such as to bring the exclusionary clause of the policy into effect and at the same time properly advised the jury that such exclusionary clauses have been held valid and enforceable.

Our examination of the instant record fails to reveal any request by Bechler that the trial judge withdraw from the jury's consideration the questions of permission or whether the accident "arose out of" the

operation of Pellegrino's repair shop, or any request that such questions be determined as matters of law or any request by Bechler for any charge concerning either issue. Bechler failed to properly raise these questions in the court below and they cannot be considered by this Court for the first time on appeal: *Rosenfeld v. Rosenfeld*, 390 Pa. 39, 52, 133 A. 2d 829; *Sherwood v. Elgart*, 383 Pa. 110, 115, 117 A. 2d 899.

Even if we were to consider these questions, our examination of the record indicates that both questions involved questions of fact exclusively for determination by the jury.

In *Waters v. New Amsterdam Casualty Company*, 393 Pa. 247, 252, 253, 144 A. 2d 354, we held that "ownership of a non-commercial automobile raised a presumption that the use of the vehicle was with the permission of the owner" and that the effect of this presumption was "to require the defendant to come forward with credible evidence." However, we did state: "The burden of persuasion on the issue of the permission of the driver of the automobile remains with the plaintiff." Application of the *Waters* rule to the instant factual situation clearly indicates that the question whether Pellegrino at the time of the happening of the accident was operating the automobile with the permission of Oliva was one of fact to be determined by the jury, not one of law to be determined by the court.

Bechler argues that, conceding Pellegrino was the operator of a repair shop, this accident did not "arise out of" the repair shop operation because it was not *caused* by that operation. Bechler's brief expressed the difference in appellant's and appellees' positions: ". . . appellant maintains that the phrase 'arising out of' implies somehow the concept of causation. Appellee maintains that the phrase implies a concept of time." Judge WEINROTT, of the court en banc, in his opinion

dismissing Bechler's motion for judgment n.o.v. well stated: "The distinction which plaintiff attempts is strained and wholly ignores the thrust of the verbiage. The specific exclusion is first directed toward, '. . . any person or organization, or to any agent or employee thereof, operating an automobile repair shop. . . .' By this expression those categories of persons are removed from the indemnity provisions of one insured under the contract. The contract provision here involved is similar to that in the case of Brower et al. v. Employees Liability Assurance Co., Ltd., 318 Pa. 440. The purpose and intention of such a clause was therein stated to exclude those engaged in repairing cars from the policy benefits.

"Our Supreme Court therein further points out that the term 'automobile repair shop' was not to be construed as something inanimate, but rather was intended to exclude from the risks assumed by the indemnity company those engaged in the business of repairing automobiles. Plaintiff has been unable to present any authority to support his proposition and we have found none."

In its treatment of both the issues of "permission" and "the exclusionary clause of the policy" in the instant factual situation the court below acted with propriety; to have done otherwise than it did, the court would have invaded the province of the jury.

Bechler, lastly, urges that he is entitled to a new trial because of certain remarks of the trial judge in his instructions to the jury. After quoting verbatim the language of the policy as to coverage excluded for any accident "arising out of the operation" of a repair shop, Judge REIMEL stated: "Apparently this provision is not only in this policy of insurance but is one of the standard clauses. Companies do not put these little things in one policy and not in another. . . . *Our Appellate Courts have passed upon clauses of this sort and*

*have gone on to say that the purpose and intention of such a clause is to exclude those in repairing automobiles. Our Appellate Courts have gone on to say that without any control from the owner when he left his car at a repair shop, he leaves it there and the car is left under the exclusive control of the repairman. Without any control of the owner as to the selection of the driver, the place to be driven, the manner of driving, the repairman having this entirely within his control, the hazard is too great for the company to assume; and, therefore, it is excluded. They can't take that responsibility.*

"When you consider the facts of this case, you will consider this clause, and on that phase of it you must determine under the facts whether this repairman Pellegrino was in the course of testing this car for the purpose of doing authorized repairs—in other words, whether or not he was still acting as a repairman when this accident happened or whether his job as repairman had been completed and he was on his way to return this car to the owner at his home. Bear in mind on that phase of it, it is not the normal duty of a repairman to deliver an automobile to a person's home, and here there is no evidence of any oral or written contract provided for. As a result of Oliva's request, Pellegrino being a friend said he would deliver the car and bring it to Oliva's home. Of course, members of the jury, in considering this clause, you must determine whether the job had been completed and whether the automobile was being returned to Oliva at his own request. If the job was not completed and Pellegrino was still acting as repairman, and you so find, your verdict must be for the defendant, and there is no liability. However, if the repairs were completed and Pellegrino was returning the car to Oliva at Oliva's request, then you will consider that the matter of these repairs and all having been completed, this clause does not apply.

Then your verdict shall be for the plaintiff." (Emphasis added).

To the emphasized portion of those instructions Bechler excepted. Our examination of the instructions reveals no justification for Bechler's complaint. Judge REIMEL neither stated nor suggested that the jury must find that this exclusionary clause was applicable to the instant factual situation or that decisions of our appellate courts required a finding on their part, either way. The trial court simply pointed out the presence of the clause in the insurance policy, stated that such clauses were standard clauses which had been sustained as reasonable and gave the reasons therefor. At no time did the trial court, expressly or impliedly, state to the jury that this clause precluded coverage in the instant factual situation.

The trial court correctly told the jury: " 'When you consider the facts of this case, you will consider this clause, and on that phase of it you must determine under the facts whether this repairman Pellegrino was, in the course of testing this car for the purpose of doing authorized repairs—in other words, whether or not he was still acting as a repairman when this accident happened or whether his job as repairman had been completed and he was on his way to return this car to the owner at his home.' "

Our independent review of this record fails to reveal any error on the part of the court below. Bechler's motions for judgment n.o.v. and a new trial were properly refused. The matters presented at trial were peculiarly within the province of the jury and the jury having found in favor of the insurance carrier and against Bechler its determination is controlling.

Judgment affirmed.