## Zizza v. Mitchell

*Richard M. Jordan*, for use-plaintiff.
*Ralph B. D'Iorio*, for garnishee.

McGOVERN, *J.*, January 28, 1976—This matter arises from garnishment proceedings instituted against State Farm Mutual Automobile Insurance Company by J. S. Motor Company, the latter now moving for summary judgment.

A jury determined that a garage employe, Richard Mitchell (hereinafter "Mitchell"), who was operating a vehicle owned by Frederick Schoff (hereinafter "Schoff"), and, the garage, J. S. Motor Company, Chester Sauls, vice president (hereinafter, "J. S. Motor") were liable by reason of negligence to Linda Zizza, a minor, and John Zizza, a guardian and individually (hereinafter collectively

termed "Zizza"). The theory of liability was negligence and agency, since Mitchell was an employe of J. S. Motor. J. S. Motor subsequently paid the full sum of the verdict to Zizza and thereby acquired any right of action Zizza might have against the vehicle owner's insurance carrier. Therefore, in sum, this action involves the employer seeking to recover the judgment which it paid to plaintiff Zizza in an earlier action by reason of its employe's negligent operation of the owner's vehicle.

The insurance policy issued by State Farm Mutual Insurance Company to the owner, Schoff, contained an omnibus clause covering operators of the insured motor vehicle with the consent or permission of the owner. The employe, Mitchell, received the car as a "favor" to Schoff for the purpose of delivering it to his employer's place of business where certain repairs were to be accomplished. The accident with Zizza occurred while the employe was driving the Schoff motor vehicle to J. S. Motor. The insurance policy contains an exclusion excepting from coverage:

". . . any person or organization, or . . . any agent or employee thereof, operating an automobile sales agency, repair shop . . . with respect to any accident arising out of the operation thereof . . ."

The sole Pennsylvania authority brought to the court's attention, are the matters of Bechler v. Oliva, 400 Pa. 299, 161 A. 2d 156 (1960), and Brower v. Employers' Liability Assurance Company, Ltd., 318 Pa. 440, 177 Atl. 826 (1935). It is clear that neither case controls the disposition of the case at bar; however, the reasoning of both is indicative of the Pennsylvania case law trend in such matters. The clear distinguishing feature of

the case at bar from the two cited Pennsylvania authorities, is that before us comes an earlier negligence action resulting in a verdict imposing direct liability and also imputed liability on the basis of respondeat superior. Neither the Bechler case nor the Brower case rested upon a previous verdict wherein agency was, in fact, found by the jury.

It is clear that a summary judgment may be granted only when there is no issue of fact to be determined pertinent to the substantive legal issues presented by the law suit in question. The case at bar creates the necessity to determine whether or not the employe, Mitchell, received the motor vehicle, which was subsequently negligently involved in the accident with Zizza with the permission of the owner-insured, Schoff. This particular question does not seem seriously disputed by either party hereto. However, that answer merely brings this matter within the so-called "omnibus provision" of the insurance policy extending the benefits thereof to persons injured by non-owning, non-named operators with permission of the owner.

Now it must be determined whether or not the operator, at the time of the accident, was within an excluded class of individuals described by the exclusion clause, to wit, a person or employe of a person operating an automobile sales agency or repair shop. There is, at this point, not only the necessity to initially determine whether, within a proper interpretation of the contractural language, Mitchell was engaged in the business of repairing automobiles and within a class intended to be excluded from the risks assumed by the indemnity company, but also the necessity to ascertain whether Mitchell was, in this instance, such an

excluded operator. There are then two questions; the one relating to a definition of the intended class and the second whether or not, even if such a class existed and if Mitchell and J. S. Motor were generally within such class, was the operation at the time of the Zizza accident within the aura of the excluded class, or was he simply a driver with owner's permission and, therefore, with the covered risk group?

It now becomes helpful to refer to the matter of Brower v. Employers' Liability Assurance Co., Ltd., 318 Pa. 440, 177 Atl. 826 (1935), wherein Mr. Justice Kephart, in a well-reasoned opinion, analyzed the common-law bailment situation and found that the hapless repairman in the Brower Case exceeded the use intended by the permitting owners at the time of the accident. He was, as it were, on a "frolic of his own." Mr. Justice Kephart reasoned further, however, that the common-law result had now to be affected by the insurance policy covering the situation and, since that policy contained an "omnibus clause," extending liability to operators with permission of the named insured, the repairman was thus included, except for the exclusion clause having to do with repairmen. The Supreme Court there affirmed the lower court's judgment for defendant upon the record after a jury was unable to agree. One derives the feeling, after reading the Brower case, that the court seemed to be more impressed with the traditional precepts of bailment, which resulted in an almost identical overlay of principles producing a result similar to that which would have been obtained under common law without the addition of an insurance contract. "Permission" as used in insurance contracts has, of course, been a term de-

fining the right to possession, rather than the type of uses permitted. It becomes clear, however, that in the Brower Case the Supreme Court was satisfied that the proper disposition of the issue in question was a determination of the facts by a jury. The jury must determine the existence of permission, operation of a repair shop, and whether or not, at the time of the accident giving rise to the litigation, the operator of defendant vehicle was within the legal concepts of permission or exclusion as the case may be.

That court, as did the Supreme Court in Bechler v. Oliva, supra, ruled that the term "automobile repair shop" was not "something inanimate" but rather terminology which is intended to provide for exclusions from a certain category of risks. It is clear, since the concept is relative to human experience, that a factual determination, on a case-by-case basis, becomes imperative. The Supreme Court in Bechler confirmed the concept that the issues of "permission to operate" under the terms of the policy, and the definition, as well as applicability, of the exclusionary clause are matters to be determined within the province of jury deliberation.

It was argued by counsel in the case at bar that the exclusionary clause must be restricted to the operation of a repair shop per se, and that a distinguishing barrier should be legalistically constructed between that operation and delivery of the vehicle to the repair shop, and from the repair shop to the owner. While it is agreed that such a wall of isolation would be an easier technical concept with which to deal, it is our judgment that rather the proper legal approach should consider the facts of the situation in light of the language of the contract to determine whether or not the use being made of the vehicle at the time of the negligent act was within the concept of "operation of a repair

shop" in the particular case under consideration. What is an act of friendship or service to an owner in one case may, indeed, be a profit motive in another.

It is also interesting in the case at bar to consider that the jury in the Zizza case against these defendants found not only negligence, but, also, that at the time of that negligence the employe was acting within the scope of his authority and, therefore, imputed liability to his employer, J. S. Motor. We fully realize that the concept of respondeat superior bears on the relationship between employer and employe, whereas the concept of liability asserted in the case at bar is an entirely distinguishable legal relationship. It is, however, difficult to fairly distinguish between an employe engaged in the operation of a repair shop, acting fully within that relationship at the time of a negligent act, and one considered as not simultaneously included within the realm of the policy exclusionary clause.

We find, in any event, that these are questions of fact which ought not be disposed of by a motion for summary judgment, and, therefore, following the rationale of the Pennsylvania Supreme Court in Brower v. Employers' Liability Assurance Company, Ltd., supra, and Bechler v. Oliva, supra, and for the reasons above stated, we are compelled to deny J. S. Motor Company's motion for summary judgment. We, therefore, enter the following

## ORDER

And now, to wit, January 28, 1976, having heard oral argument and considered the briefs presented in this matter, the motion of J. S. Motor Company, c/o Chester Sauls, Vice President, for summary judgment is denied.