## Transamerica Insurance Co. v. Keystone Insurance Co.

*Joseph M. Hankins*, for plaintiff.
*Wendell H. Livingston*, for defendant.

BULLOCK, *J.*, September 19, 1979—Before us is defendant's motion for summary judgment. The basic issue here is whether defendant insurance company is liable under its policy for damages resulting from an accident in which the vehicle of defendant's insured, Ms. Della Feldman, was involved on December 6, 1972, while it was being operated by one James Williams. The other vehicle in the accident was operated by Ms. Alice James. Earlier that day, Ms. Feldman had had her car picked up by an agent of Herman's Garage to have some work done on it. It was understood that the car would be returned to her when the work was done. Upon completion of the work, the car was entrusted by someone at Herman's Garage to Mr. Williams to return it to her. Since Herman's Garage was uninsured, Ms. James claimed against her own carrier, plaintiff Transamerica Insurance Company.

Defendant's policy covering Ms. Feldman contained the following exclusion as to liability:

"(g) to an owned automobile while used by any person while such person is employed or otherwise

engaged in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner, agent or employee of the named insured, such resident or partnership."

The phrase "automobile business" is defined therein as: "The business or occupation of selling, repairing, servicing, storing or parking automobiles."

The basic question in this case is thus whether Mr. Williams at the time of the accident was "employed or otherwise engaged in the automobile business." The waters are somewhat muddied here by the fact that defendant was never able to locate and interview Mr. Williams. However, it is conceded that Ms. Feldman did not know Mr. Williams and that the latter was not operating the car upon her direction. Although it appears that Mr. Williams was not actually employed by Herman's Garage, it is conceded that upon instructions from someone at Herman's Garage, he was returning the vehicle to Ms. Feldman, as a favor.

The purpose of the standard exclusion herein is described by our Supreme Court in Brower v. Employers' Liability Assurance Co., 318 Pa. 440, 448, 177 Atl. 820 (1935), as follows:

"The purpose and the intention was to exclude those engaged in repairing cars from the policy's benefits. This is obvious. Without any control from the owner as to the selection of the driver, the place driven, and the manner of driving, the repair man having this entirely in his control, the hazard was

evidently too great for the indemnity companies to assume, and therefore that hazard was excluded."

The rationale of Brower applies to the present case. Ms. Feldman did not choose Mr. Williams to drive her car; Herman's Garage chose him. Ms. Feldman knew nothing about him and had no control over him.

Plaintiff relies on the case of Bechler v. Oliva, 400 Pa. 299, 161 A. 2d 156 (1960). In that case, a jury was allowed to find and did find that a repairman returning a vehicle to the owner was not acting as a repairman. That case, however, is significantly distinguishable from the present case because there the repairman who was returning the car was a friend of the owner. The jury was permitted to find on the facts that, in returning the car, the driver was acting in the role of friend rather than of repairman. Moreover, in that case, there was no evidence of any agreement that returning the vehicle was part of the repairman's obligation. As the trial court stated in its charge to the jury in Bechler: "As a result of Oliva's request, Pellegrino being a friend said he would deliver the car and bring it to Oliva's home." In the present case, Mr. Williams was completely unknown to Ms. Feldman, who had a specific agreement with the garage that it would return her car when completed. These facts are uncontroverted. We thus see no jury issue, as there was in Bechler.

## ORDER

And now, September 19, 1979, the motion of defendant Keystone Insurance Company for summary judgment is granted. The complaint herein is dismissed.