·418 A.2d 761

Linda ZIZZA, a minor, by her parent and natural guardian John Zizza, and John Zizza, in his own right

v.

Richard MITCHELL

and

Frederick Schoff and J. S. Motor Company c/o Chester Sauls, Vice Pres.

and

State Farm Mutual Automobile Insurance Company (Garnishee).

Appeal of J. S. MOTOR COMPANY.

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed March 14, 1980.

David E. Sandel, Jr., Philadelphia, for appellant.

Ralph B. D'Iorio, Media, for appellee.

Before PRICE, WIEAND * and VAN der VOORT, JJ.

VAN der VOORT, Judge:

On May 28, 1968, Frederick Schoff gave his automobile to Richard Mitchell, an employee of J. S. Motor Company, so that Mitchell might deliver the car to J. S. Motor Company for repairs. Along the way to J. S. Motor Company, Mitchell was involved in a collision with an automobile being driven by Linda Zizza, a minor. Suit was brought by John Zizza in his own right and as parent and guardian of Linda Zizza against Mitchell, J. S. Motor Company, and Schoff, and judgment was entered on April 25, 1973 in favor of Linda and John Zizza against Mitchell and J. S. Motor Company in the amount of $11,763.47. J. S. Motor Company paid the judgment (which was marked "To the use of J. S. Motor Company"), then filed a praecipe for writ of execution against Mitchell, naming State Farm Mutual Automobile Insurance Company (Schoff's insurance carrier) as garnishee. Motion was filed by J. S. Motor Company on October 14, 1975 for summary judgment against State Farm. The motion was denied on January 28, 1976. The case came to trial, non–jury, on April 13, 1978 and verdict was entered on April 14 in favor of State Farm. Exceptions were filed on April 24, 1978, were dismissed on January 8, 1979, at which time judgment was entered according to the verdict, and appeal was then taken to our court by J. S. Motor Company.

* Judge Donald E. Wieand is sitting by special designation.

Appellant–garnishee sought recovery against appellee State Farm under the following provision of State Farm's policy with Schoff: "The unqualified word 'insured' includes . . . any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse *or with the permission of either.*" [Emphasis added] State Farm successfully avoided liability in the lower court under the following exclusion provision of the policy: "The insurance with respect to any person or organization other than the named insured or such spouse does not apply: (1) to any person or organization, or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage or public parking place, with respect to any accident arising out of the operation thereof . . . ." Appellant argues that the lower court erred in finding that the above–quoted exclusion applies to this case. We disagree with appellant.

If it is determined that language of an insurance policy prepared by an insurer is ambiguous or unclear, then that language must be construed in favor of the insured and against the insurer. *Blocker v. Aetna Casualty*, 232 Pa.Super. 111, 114, 332 A.2d 476, 478 (1975). In the case before us, however, the language of the insurance policy is not ambiguous. The policy excludes from coverage any repair shop with respect to any accident arising out of the operation of that repair shop. The lower court found that in driving Schoff's car in for repairs, Mitchell was providing a service to the car's owner, in furtherance of the interests of J. S. Motor Company, and that this factual situation fell within the scope of the insurance policy's exclusionary clause.[1] We find no error on the part of the lower court. We find that the accident arose out of operation of a repair shop, that the

---

1. In *Brower v. Employers' Liability Assurance Company, Ltd.*, 318 Pa. 440, 177 A. 826 (1935), a case involving a similar fact situation and a similar insurance policy provision, our Supreme Court ruled that the exclusion was applicable. *Bechler v. Oliva*, 400 Pa. 299, 161 A.2d 156 (1960), cited by both appellant and appellee, also involves a similar fact situation, but was actually decided on waiver principles.

exclusionary clause applies, and that State Farm is not liable to J. S. Motor Company.

Order affirmed.