445 A.2d 526

**NATIONWIDE INSURANCE COMPANY and Lewis A. Johnson**

v.

**DONEGAL MUTUAL INSURANCE COMPANY, a corporation; Ruby Holly, an individual, John Koziel and Alma M. Koziel, his wife.**

**Appeal of DONEGAL MUTUAL INSURANCE COMPANY and Ruby Holly.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1982.

Filed May 7, 1982.

David Harry Patterson, Pittsburgh, for appellants.

Matthew R. Wimer, Pittsburgh, for Nationwide, et al., appellees.

William E. Stockey, Pittsburgh, for Koziel, appellees.

Before BROSKY, CIRILLO and POPOVICH, JJ.

CIRILLO, Judge:

This is an appeal from an Order of the Court of Common Pleas of Allegheny County, granting a Motion for summary judgment in favor of the appellees, John and Alma Koziel.

On August 28, 1978, a collision occurred between a truck operated by Louis A. Johnson and a car operated by John R. Koziel, in which his wife, Alma M. Koziel, was a passenger. The truck was owned by Ruby Holly. As a result of this accident, the Koziels filed an Action in Trespass against Johnson and Ruby Holly. In this litigation, Ruby Holly was insured by Donegal Mutual Insurance Company, but Donegal declined to provide a defense for Johnson. Instead, Johnson was defended by his own personal automobile carrier, the Nationwide Insurance Company. Donegal denied coverage to Johnson on the basis that he was excluded under the terms of the policy which insured Ruby Holly as the owner of the truck. During this trespass action, Nationwide and Johnson filed a Petition for Declaratory Judgment against Donegal, Ruby Holly and Koziels, alleging that at the time of the accident, Johnson operated the truck with the permission of Ruby Holly. Thus, Nationwide alleged, Donegal owed a defense to Johnson in the trespass action and the Donegal policy was primary over any and all other insurance policies. Donegal and Ruby Holly filed an Answer and New Matter, admitting that the truck had been operated by Johnson, but denying a right to coverage for Johnson. Specifically, they raised as an affirmative defense to the declaratory judgment action an exclusionary provision in the Donegal policy relating to the operation of an insured vehicle by one engaged in the repair of such vehicle. The Koziels also filed an Answer and New Matter to the Petition for declaratory judgment in which they too demanded that coverage be provided for Johnson under the Donegal policy. As the declaratory judgment action proceeded to trial, the Koziels filed a Motion for summary judgment, based on prior pleadings, including each of the relevant insurance policies, and the deposition testimony of Ruby Holly, her husband Jessie Holly, and Johnson. An Answer to the Motion was filed by all other parties. On July 2, 1981, after argument before a court en banc, the Motion for summary judgment was granted. The court determined that a defense should have been provided to Johnson pursuant to the insurance policy issued by Donegal to Ruby Holly, and that

the Donegal policy was primary over all other insurance policies. This appeal now follows.

The appellants, Donegal and Ruby Holly, allege on appeal that the lower court erred in granting the Motion for summary judgment and in finding that Johnson was entitled to primary insurance coverage under the policy issued to Ruby Holly.

Summary judgment is granted only in the clearest cases, where the right is clear and free from doubt. *Thompson Coal Company v. Pike Coal Company*, 488 Pa. 198, 412 A.2d 466 (1979). The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Tom Morello Construction Company, Inc. v. Bridgeport Federal, Etc.*, 280 Pa.Super. 329, 421 A.2d 747 (1980). On appeal, the court must review the record in a light most favorable to the appellant. *Lane v. Schacht*, 260 Pa.Super. 68, 393 A.2d 1015 (1978).

At issue in this instance is whether Johnson was a "repairman" within the meaning of the exclusion contained in the Donegal insurance policy issued to Ruby Holly. On page 2 of that policy, under "Exclusions" it states:

We do not provide Liability Coverage:

. . . .

6. For any person while employed or otherwise engaged in the business or occupation of selling, repairing, servicing, storing or parking of vehicles designed for use mainly on public highways, including road testing and delivery. This exclusion does not apply to the ownership, maintenance or use of your covered auto by you, any family member, or any partner, agent or employee of you or any family member.

Donegal argues that Johnson had taken the subject truck for the purpose of obtaining and installing back-up lights at the request of Ruby Holly's husband, Jessie Holly. Therefore, Donegal maintains Johnson was engaged in the business of repairing and servicing vehicles at the time of the

accident and should be excluded from coverage. However, depositions revealed that at the time of the accident, Johnson was unemployed and was on social security disability. Also, the deposition testimony is devoid of any statements indicating that Johnson was ever engaged in activity approaching the level of a "repairman" within the meaning of the Donegal policy.

It is clear that the trial court is permitted to rely on the pleadings and depositions to adjudicate a Motion for summary judgment. The Pennsylvania Rules of Civil Procedure provide:

> (a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any.

Pa.R.C.P. No. 1035(a), 42 Pa.C.S.A.

We find that this one instance does not establish that Johnson was engaged in the business of repairing and servicing vehicles—even on a part-time basis. Johnson is therefore entitled to coverage under the Donegal policy issued to Ruby Holly.

We agree with the Honorable Raymond L. Scheib of the Allegheny Common Pleas Court who notes in his Opinion that past cases, including those cited by the appellants, involved something more than a single incident which would establish that the driver of the vehicle was involved in an automotive repair or servicing business.[1] The rationale for

---

1. In *Brower v. Employers Liability Assurance Company*, 318 Pa. 440, 177 A.2d 826 (1935), the appellant was a professional chauffeur and mechanic who did repair work at his home. While the appellant was in possession of another's car, which was insured by the appellee, he used the car for a trip unrelated to any work being done on the car. During this trip the appellant was involved in an accident. The appellee, carrier, denied liability, based on a provision in the policy which excluded "... a repairman of automobiles, engaged in that business..." The Pennsylvania Supreme Court found that the appellant was engaged in the business of repairing automobiles and was properly excluded under the policy. *See Also: Bechler v. Oliva*, 400 Pa. 299, 161 A.2d 156 (1960).

excluding repairmen is that the owner of the vehicle has no control as to selection of the driver, the place where the car is driven, or the manner of driving in a situation where a car is delivered for repair. Therefore, the hazards are too great to insure against since no control over the operation of the car is maintained. (Trial Court Slip Op. at 4.)

In response to the Koziel's Motion for summary judgment, the appellants failed to submit affidavits or any other form of support for their factual allegation that Johnson was engaged in the business of repairing or servicing vehicles.[2] They merely rested on the allegations in their pleadings without setting forth any specific facts showing that a genuine issue existed for trial. The Pennsylvania Rules of Civil Procedure provide:

(d) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Pa.R.C.P. No. 1035(d), 42 Pa.C.S.A.

Therefore, pursuant to Rule 1035(d), after resolving all legal questions, summary judgment was properly entered.

■ The appellants also allege, on appeal, that John and Alma Koziel lacked the requisite standing in this action to bring a Motion for summary judgment.

2. See Paragraph 15 of the Appellants' New Matter.

In *Application of Biester*, 487 Pa. 438, 409 A.2d 848 (1979), the Pennsylvania Supreme Court stated that to meet the requirement of standing, a plaintiff must allege and prove an interest in the outcome of the suit which surpasses the common interest of all citizens in procuring obedience to the law. In this instance, the Koziels have a direct and substantial interest in the controversy, namely that of ensuring the collectibility of the judgment obtained. It should also be noted that the Koziels were named defendants in the within action for declaratory judgment. Under Pa.R.C.P. Number 1035(a), 42 Pa.C.S.A., any party may move for summary judgment. The Koziels, therefore, had the requisite standing to bring this motion.

Accordingly, we affirm the Order of the court below.