453 A.2d 7

**Marilyn L. CLARK, Administratrix of the Estate of Darrah D. Clark, Deceased, Appellant,**

v.

**AETNA CASUALTY & SURETY COMPANY, Occidental Fire & Casualty Company, and Ryder Truck Lines, Inc.**

Superior Court of Pennsylvania.

Argued March 3, 1982.

Filed Nov. 30, 1982.

John J. Speicher, Reading, for appellant.

Stephen Gary Welz, Shillington, for Aetna, appellee.

Kenneth E. Sands, Reading, for Occidental, appellee.

Edward L. McCandless, Philadelphia, for Ryder, appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

WIEAND, Judge:

Darrah D. Clark was killed as a result of a one vehicle accident involving a tractor-trailer unit which he owned and was operating on the Pennsylvania Turnpike. His widow, Marilyn L. Clark, commenced an action in assumpsit to recover benefits under the Pennsylvania No-fault Motor

Vehicle Insurance Act.[1]  Named as defendants were Occidental Fire & Casualty Company, which had issued a policy of insurance on Clark's truck naming Clark as the insured; Aetna Casualty & Surety Company, which provided coverage for a private passenger vehicle owned by Clark; and Ryder Truck Lines, Inc. (hereinafter sometimes referred to as "Ryder").  Ryder was the lessee of the truck being operated by Clark at the time of the fatal accident and "was self-insured for its drivers and motor vehicles under the No-fault Act."  After the pleadings had been closed, Ryder filed a motion for summary judgment and an affidavit reciting that insurance coverage for Clark's truck had been provided by Clark and that Ryder did not provide coverage for leased vehicles.  The trial court granted Ryder's motion and entered summary judgment in its favor.  Marilyn Clark appealed.  We affirm.

A summary judgment may be entered where there is no genuine issue as to any material fact and the record, viewed most favorably to the non-moving party, discloses that the moving party is entitled to judgment as a matter of law. *Davis v. Pennzoil Co.,* 438 Pa. 194, 202, 264 A.2d 597, 601 (1970); *Nationwide Insurance Co. v. Donegal Mutual Insurance Co.,* 299 Pa.Super. 205, 208, 445 A.2d 526, 527 (1982); *Vend-a-matic, Inc. v. Frankford Trust Co.,* 296 Pa.Super. 492, 498, 442 A.2d 1158, 1161 (1982); *Community Medical Services of Clearfield, Inc. v. Local 2665, American Federation of State, County and Municipal Employees, AFL–CIO,* 292 Pa.Super. 238, 242, 437 A.2d 23, 25 (1981); *Amabile v. Auto Kleen Car Wash,* 249 Pa.Super. 240, 244–45, 376 A.2d 247, 249–50 (1977); *Dowlin v. Coatesville Area School District,* 22 Pa.Cmwlth. 433, 436, 350 A.2d 190, 192 (1975); Pa.R.C.P. 1035.  In the instant case there is no dispute regarding the facts.  The issue, one of law, is whether primary security under the Pennsylvania No-Fault Motor Vehicle Insurance Act has been assumed by Ryder.

Darrah Clark, appellant's decedent, had entered a written, one-way lease agreement with Ryder by the terms of which

1.  Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. §§ 1009.101 et seq.

his truck was to be used for the purpose of transporting cargo from Reading, Berks County, to Springfield, Ohio. Ryder was to pay an agreed fee for the use of the tractor and trailer. The lessor, Clark, was to provide a driver and, if the lessor did not drive himself, to pay the driver. The lessor was also to provide and carry insurance acceptable to Ryder. Ryder, in brief, had no cost other than the agreed rental.

Section 104(a) of the No-fault Law, 40 P.S. § 1009.104(a), provides:

> (a) Security covering a motor vehicle.—Every owner of a motor vehicle which is registered or which is operated in this Commonwealth by the owner or with his permission, shall continuously provide security covering such motor vehicle while such vehicle is either present or registered in the Commonwealth . . . .

Thus, both the No-fault Law and the lease agreement between Ryder and appellant's decedent required the decedent to provide insurance coverage for the truck which he owned. Ryder, although self-insured, provided coverage for its own employees only while operating vehicles furnished by Ryder.

Appellant argues that her decedent was in the employ of Ryder at the time of the accident and was operating a vehicle which had been leased by and, therefore, provided by Ryder. This argument is specious. Even if appellant's decedent could be found to be an employee of Ryder, it is an admitted fact that he was the owner of the truck and required by law and by contract to provide the necessary insurance coverage.

Section 204(a) of the No-fault Act, 40 P.S. § 1009.204(a), does not call for a contrary result but supports the judgment in favor of Ryder. This section provides:

> (a) Applicable security.—The security for the payment of basic loss benefits applicable to an injury to:
>
> > (1) an employee, or to the spouse or other relative of any employee residing in the same household as the

employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;

(2) an insured is the security under which the victim or deceased victim is insured;

(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and

(5) any other individual is the applicable assigned claims plan.

Under this section, the applicable security is that found in subsection (2), which provides that where the injury is caused to the insured, the applicable security is that "under which the victim or deceased victim is insured."

Appellant argues that if she can prove that her decedent was an employee of Ryder, the security for basic loss benefits must come from Ryder. This derives from an incorrect reading of subsection (1). It ignores the language of the section which looks to the employer for security only "if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer." It also ignores Section 104 of the Act which requires the owner of the vehicle to provide security for the vehicle.

In the instant case, appellant's decedent was operating his own tractor trailer, a vehicle which was covered by insur-

ance which he, himself, had purchased. The source of the vehicle was the decedent lessor. It was not a vehicle furnished by an employer to an employee. It is this fact which distinguishes the instant case from *Gradler v. Prudential Property and Casualty Insurance Co.*, 464 F.Supp. 575 (W.D. Pa.1979), where the vehicle had been furnished by the employee's employer. Here, even if appellant's decedent could somehow be found for purposes of respondeat superior to be an employee of Ryder, the fact that he was operating his own vehicle required that the claim for no-fault benefits upon his death be presented to the carrier providing coverage for such vehicle. See: *Schimmelbusch v. Royal-Globe Insurance*, 247 Pa.Super. 28, 32, 371 A.2d 1021, 1023 (1977). It seems clear, therefore, that appellant cannot succeed in this action against Ryder even if she is able to prove that her decedent was technically a Ryder employee at the time of the accident. The primary security was that provided by the insurance carrier which insured decedent's vehicle.[2]

The judgment is affirmed.

---

2. In reaching this conclusion we have intentionally avoided any discussion regarding a potential claim for workmen's compensation benefits against Ryder or, if such a claim is allowed, the effect thereof upon appellant's action for no-fault benefits against the remaining defendants in this action.