FORD ELLIOTT, Judge:
 

 This is an appeal from the order of the Court of Common Pleas of Beaver County, dated October 9, 1990, requiring Erie Insurance Exchange to reimburse American States Insurance Company for American State’s contribution toward the settlement of the underlying liability action. We affirm.
 

 On September 5, 1980, Alexander Davidson was the owner of a 1972 Chevrolet dump truck insured by Erie Insurance Exchange. Davidson lent the truck to George Pecorara in order that Pecorara’s employee, James Sarvey, could use it to haul shale to Pecorara’s business site for the purpose of resurfacing a parking lot. Pecorara was the owner and operator of Aliquippa Auto Recycling Company, an automobile repair business. Pecorara’s business was insured against liability by American States Insurance Company.
 

 While Sarvey was operating Davidson’s dump truck, hauling shale to Pecorara’s business site, he collided with a vehicle being driven by Gary McLaughlin. McLaughlin was injured as a result of the collision and filed suit against Davidson, Pecorara, and Sarvey. Given that Sarvey was
 
 *155
 
 operating Davidson’s motor vehicle with Davidson’s permission at the time of the accident, Pecorara and Sarvey looked to Erie for a defense and indemnification with respect to the suit brought by McLaughlin.
 

 Erie refused the request for coverage based upon an exclusion in Davidson’s policy which excludes coverage “to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business.” However, in order to facilitate settlement of McLaughlin’s case both Erie and American States contributed $15,000.00 towards the $30,000.00 settlement. Erie and American States then agreed that one would indemnify the other based on the outcome of the declaratory judgment action.
 

 Pecorara and Sarvey filed a declaratory judgment action against both carriers seeking a determination as to which coverage applied to the accident. Initially, the trial court concluded that the issue of the applicability of Erie’s exclusion was mooted since the underlying action had been settled. However, on the first appeal to this court the trial court’s order was vacated and the case remanded for reinstatement of the declaratory judgment complaint.
 

 After reinstatement, Erie and American States, as the only interested parties, stipulated to the relevant facts and framed the issue for the court’s disposition. The trial court, by order and opinion dated October 9, 1990, decided that Erie’s exclusion was inapplicable to the facts and that Erie was therefore obligated to provide liability coverage for the accident. This timely appeal followed.
 

 Appellant raises a single issue for our consideration. Does the exclusion contained in the Erie policy prohibit the appellees, Pecorara and Sarvey, from claiming liability coverage through Erie Insurance Exchange Policy? Appellant argues to this court that the exclusion at issue does apply to the facts in this instance. According to appellant, the language is clear and unambiguous and provides that coverage will not apply if the automobile is being
 
 *156
 
 used by a person employed or otherwise engaged in the automobile business. Since Sarvey, as Pecorara’s employee, was employed in the automobile business, appellant reasons that the policy does not apply to the accident which occurred while Sarvey was operating the dump truck.
 

 Appellees, on the other hand, argue that the clause must be construed narrowly, and only applies to situations where the operator was actually engaged in the automobile business when the accident occurs. Appellees maintain that the exclusion clause contemplates certain additional risks associated with the automobile business, and that the present situation was not the type intended to fall within the scope of such a clause.
 

 After carefully considering both parties’ arguments in this matter, we are inclined to agree with appelleés. The automobile business exclusion was intended to encompass a specific Hsk, a risk which did not exist under the present circumstances.
 

 Initially, we note that it is well-settled law in Pennsylvania that exclusions to an insurer’s general liability are narrowly construed against the insurer.
 
 Miller v. Prudential Insurance Company of America,
 
 239 Pa.Super. 467, 362 A.2d 1017 (1976). If an ambiguity exists as to an exclusion provision, the language is to be strictly construed against the insurer.
 
 Celley v. Mutual Benefit Health and Accident Assoc.,
 
 229 Pa.Super. 475, 324 A.2d 430 (1974).
 

 The language of the clause at issue is ambiguous in that it can be interpreted to encompass situations clearly beyond the scope of its applicability. The pertinent language from the clause excludes coverage for “[a]n owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business ...” Reading the clause through with the conjunctive “or” leads to the interpretation that coverage can be excluded for “an owned automobile while used by any person while such person is employed in the automobile business.” Applying the foregoing language literally, for example, would prohibit coverage for an accident which occurred if Davidson had
 
 *157
 
 lent his dump truck to a friend to haul lumber to a campsite, if that friend also happened to be an employee of an automobile business. Such a result would be absurd.
 

 Yet, this is the result urged upon this court by appellant. The mere fact that Sarvey was employed in the automobile business at the time he was hauling shale in the dump truck is insufficient to trigger the operation of this clause. Sarvey could have just as easily been employed by a grocer and been hauling shale to resurface the grocer’s parking lot. As it turns out, Sarvey was employed in the automobile business. However, that fact alone cannot trigger the operation of the exclusionary clause.
 

 The clause in question was meant to protect against additional risks associated with the use of automobiles
 
 in furtherance of the automobile business.
 
 We are guided in reaching this conclusion by several lower court cases which have addressed this issue under similar sets of circumstances.
 
 See Lehigh Valley Dodge, Inc., v. State Farm Mutual Automobile Insurance,
 
 50 Pa. D. & C.2d 654 (1970);
 
 American States Insurance Co. v. Erie Insurance Exchange,
 
 121 P.L.J. 290 (1973). In each of those cases the application of similar exclusion clauses hinged upon the use of the automobile at the time of the accident. If the automobile was being used in the course of the automobile business, i.e., test drive by a mechanic for repair purposes, then the clause would apply. However, if the fact that the automobile was being driven by an employee of an automobile business was merely incidental to another purpose for which the vehicle was being used, then the clause was inapplicable.
 

 Under the present circumstances, it is clear that the dump truck was being used to haul shale to improve a parking lot. The hauling of shale was not the normal use of an automobile by Sarvey while engaged in the automobile business. Therefore, we can fashion no reasonable explanation, nor has appellant provided us with one, for interpreting the automobile business exclusion so broadly as to encompass this situation.
 

 
 *158
 
 As the trial court noted, it was a mere fortuity, from appellant’s standpoint, that Pecorara owned an automobile business as opposed to some other type of business. However, such a fortuity cannot form the basis upon which rests the application of an exclusion clause. A thorough review of the facts clearly demonstrates that at the time of the accident, Sarvey was not utilizing the automobile in a manner intended to fall within the scope of such an exclusion. Therefore, the trial court correctly concluded that the exclusion was inapplicable and that Erie was liable for coverage of the accident.
 

 Order affirmed.