664 A.2d 175

James R. McKUHN, Washington Trust Garage and Pennsylvania National Mutual Casualty Insurance Company, Appellant,

v.

The AETNA CASUALTY AND SURETY COMPANY, Elizabeth J. Cowden, Robert A. Cowden and Rohrich Cadillac, Appellee.

Superior Court of Pennsylvania.

Argued April 26, 1995.

Filed Aug. 28, 1995.

484

Louis C. Long, Pittsburgh, for appellants.

Jeffrey Suher, Pittsburgh, for Aetna Casualty & Surety Company, appellee.

Before DEL SOLE, KELLY and BROSKY, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order granting preliminary objections in the nature of a demurrer in a declaratory

judgment action.[1]  The court ruled that Appellee, The Aetna Casualty and Surety Company, (Aetna) owes neither a defense nor indemnity to Appellants.  Appellants argue that the trial court has "misapprehended the facts and ignored controlling law" in issuing its ruling.  Because we find no such fault with the trial court's action in this matter, we affirm the court's order.

The factual circumstances giving rise to the underlying action as recounted by the trial court from the pleadings are not disputed by Appellants.

On the date of the accident, Cowden, who was a regular customer of the Washington Trust Garage [Garage], had dropped her vehicle off at the Garage for parking.  When Cowden returned to the Garage in the afternoon, her vehicle was retrieved from its parking place within the Garage by James R. McKuhn [McKuhn], who was a parking attendant employed by the Garage.  After retrieving Cowden's vehicle, McKuhn parked the vehicle at the top of a ramp located within the Garage, applied the emergency brake, and left the engine running so that Cowden could drive the vehicle from the Garage.

When Cowden experienced difficulty in releasing the emergency brake of her vehicle, McKuhn assisted her in attempting to disengage the brake.  While McKuhn was attempting to disengage the emergency brake, the brake suddenly and unexpectedly released, causing the vehicle to lurch forward and strike Cowden, resulting in various personal injuries.

At the time of the accident Cowden's vehicle was insured under a policy issued by Aetna.  The policy described a "covered person" as "any person using [the] covered auto." However a question arose as to whether McKuhn and the Garage could be considered covered persons since the policy also contained the following exclusion:

1.  The trial court has, pursuant to Pa.R.A.P. 341(c), 42 Pa.C.S.A., certified that this is a final order, an appeal from which will facilitate resolution of the entire case.

> For any person while employed or otherwise engaged in the business or occupation of selling, repairing, servicing storing or parking of vehicles designed for use mainly on public highways, including road testing and delivery, . . .

The trial court concluded that the facts of the case are clear, the policy language is unambiguous and that the circumstances of the accident fall squarely within the policy exclusion.

Appellants, McKuhn, the Garage and their insurer, Pennsylvania National Mutual Casualty Company, argue that the exclusion does not apply because "[t]he underlying complaint does *not* arise from any act or omission on the part of McKuhn or the Garage with respect to the parking of Mrs. Cowden's automobile." They claim that the underlying lawsuit stemmed from a "single altruistic act" of attempting to repair the vehicle by helping to release the parking brake, and that neither McKuhn or the Garage were employed or engaged in the servicing of automobiles. Thus, they claim that the conduct at issue does not fall within the exclusionary provision. Finally, they assert that the specific language at issue is ambiguous and was held to be so in the case of *Pecorara v. Erie Insurance Exchange,* 408 Pa.Super. 153, 596 A.2d 237 (1991).

Appellants arguments fail for a number of reasons. First, we note that the *Pecorara* decision in fact supports the trial court's ruling in this matter. In *Pecorara* at issue was an exclusion which precluded coverage "to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business." The facts indicated that the insured lent the truck to Pecorara in order that his employee could use it to haul shale to Pecorara's business site to resurface the parking lot. While hauling the shale the vehicle collided with another. Pecorara's business happened to be, Aliquippa Auto Recycling Company, an automobile repair business. The appellants argued that since the employee who was using the truck was employed in the "automobile business" his actions fell within the policy exclusion. The court rejected this argument. The court found that

the exclusion was intended to encompass a specific risk, a risk which did not exist under the circumstances. Because the language was found to encompass situations clearly beyond the scope of its applicability, it was found to be ambiguous. The court ruled that the mere fact that the driver was employed in the automobile business at the time he was hauling shale in the truck was insufficient to trigger the operation of the clause. His employment in the automobile business had nothing to do with the accident. It was, according to the court "a mere fortuity." *Id.* at 158, 596 A.2d at 240. Because his actions in hauling shale had nothing to do with the driver's employment in the automobile business, the court found the exclusion to be inapplicable. It reasoned that had the truck been used in the course of the automobile business, such as being test driven by a mechanic for repair purposes, then the clause would apply. Because such was not the case, the exclusion was held to be inapplicable.

While the language in the policy before us is not identical to that found in *Pecorara*, what *Pecorara* teaches is that we are to examine the conduct at issue to see if it is contemplated by the exclusion. We must ask whether the exclusion was meant to protect against the risk occasioned by the conduct. In this case that answer is clear. McKuhn was engaged in the business of parking vehicles at the time of the accident. It occurred during McKuhn's working day during his employment as a parking attendant. Further, McKuhn was attempting to aid the customer in the release of an emergency brake at the time of the accident. McKuhn had set the brake when temporarily parking the vehicle so that the customer could get into her car and drive away. To enable the car to move from its parked position it was necessary to release the brake. Such action was clearly that type contemplated by the exclusion.

In *Zizza v. Mitchell*, 275 Pa.Super. 358, 418 A.2d 761 (1980) an accident occurred while the employee of J.S. Motor Company was driving a customer's car to deliver it to the employer's business for repairs. The court considered the applicability of an exclusion which provided that the insurance would not

apply "to any person or organization, or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage or public parking place, with respect to any accident arising out of the operation thereof ..." *Id.* at 360, 418 A.2d at 762. The court found that the accident arose out of operation of a repair shop since the employee was providing a service to the car's owner in furtherance of the interest of the employer when he drove the customer's car to the shop for repairs.

We likewise find that the employee in this case, McKuhn, was furthering the business of his employer in the parking of vehicles when he attempted to come to the aid of a customer and disengage an emergency brake, which he had set when temporarily parking the car, and which would enable the customer to go on with her travels. We conclude that the trial court rightly held that the exclusion at issue was clearly intended to apply to the circumstances presented in this case.

Order affirmed.